## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                          :
                                                :          Case No. 11-06938
CITY OF HARRISBURG, PA                          :          Chapter 9
                                                :
            Debtor.                             :          Hearing Requested
                                                :
_____               :

### OBJECTION BY THE COMMONWEALTH OF PENNSYLVANIA TO CHAPTER 9 PETITION OF THE CITY OF HARRISBURG

The Commonwealth of Pennsylvania (the "Commonwealth"), by and through its undersigned counsel, hereby objects, pursuant to section 921(c) of title 11 of the United States Code (the "Bankruptcy Code"), to the Chapter 9 petition filed October 11, 2011 by the City of Harrisburg ("Harrisburg"), and in support hereof respectfully avers as follows:

### SUMMARY OF THE OBJECTION

1.      Harrisburg has filed a Chapter 9 petition notwithstanding the existence of a state statute expressly forbidding it.   As a result, Harrisburg does not satisfy the requirements for eligibility as a Chapter 9 debtor, as are set forth in section 109(c) of the Bankruptcy Code.  The Commonwealth accordingly seeks the immediate dismissal of this Chapter 9 case, putting a quick end to this ill-advised and transparent gambit fostered by a bare majority faction of Harrisburg's city council that has consistently obstructed the financial recovery process and whose transparent attempt to now "send a message" to the Commonwealth and Harrisburg's creditors represents a patent violation of existing state law.

### BASIS FOR OBJECTION

2.      With respect to Chapter 9 cases, section 921(c) of the Bankruptcy Code provides that "[a]fter any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title."  11 U.S.C. § 921(c).   The petition filed by Harrisburg does not meet

the requirements of title 11 because Harrisburg is not eligible to be a debtor under the Bankruptcy Code.

3. Section 109(c) of the Bankruptcy Code prescribes the eligibility criteria for becoming a debtor under Chapter 9. The burden of proving eligibility to file under section 109(c) is on the party filing the petition. *See In re Allegheny-Highlands Econ. Dev. Auth.* 270 B.R. 647, 649 (Bankr. W.D.Va. 2001); *In re City of Bridgeport*, 129 BR. 332, 339 (Bankr. D. Conn. 1991). To be eligible, an entity must be a municipality which, among other things, "is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter…" 11 U.S.C. §109(c).

4. Harrisburg is not specifically authorized to be a Chapter 9 debtor under State law. To the <u>extreme</u> contrary, earlier this year the Pennsylvania state legislature passed Act 26 of 2011, 72 P.S. §1601-D.1 (2011), which amended the Act of April 9, 1929 (P.L. 343, No. 176) (the "<u>Fiscal Code</u>") so as to specifically prohibit a financially distressed "city of the third class" – a category of cities which includes Harrisburg – from filing a petition for relief under Chapter 9 of the Bankruptcy Code or any other federal bankruptcy law. A copy of the relevant portion of Act 26 is attached hereto as <u>Exhibit A</u>. Article XVI-D.1 of the Fiscal Code, titled "Financial Distressed Municipalities", now provides as follows:

> (A) SCOPE. – THIS SECTION APPLIES TO A CITY OF THE THIRD CLASS WHICH IS DETERMINED TO BE FINANCIALLY DISTRESSED UNDER SECTION 203 OF THE ACT OF JULY 10, 1987 (P.L. 246, NO. 47), KNOWN AS THE MUNICIPALITIES FINANCIAL RECOVERY ACT.
>
> (B) LIMITATION ON BANKRUPTCY. – NOTWITHSTANDING ANY OTHER PROVISION OF LAW, INCLUDING SECTION 261 OF THE MUNICIPALITIES FINANCIAL RECOVERY ACT, NO DISTRESSED CITY MAY FILE A PETITION FOR RELIEF UNDER 11 U.S.C. CH. 9 (RELATING TO ADJUSTMENT OF DEBTS OF A MUNICIPALITY) OR ANY OTHER FEDERAL BANKRUPTCY LAW, AND NO GOVERNMENT AGENCY MAY AUTHORIZE THE DISTRESSED CITY TO BECOME A DEBTOR UNDER 11 U.S.C. CH. 9 OR ANY OTHER FEDERAL BANKRUPTCY LAW.

2

(C)     PENALTY. – IF A CITY SUBJECT TO THIS SECTION FAILS TO COMPLY WITH SUBSECTION (B), ALL COMMONWEALTH FUNDING TO THE CITY SHALL BE SUSPENDED.

(D)     EXPIRATION. – THIS SECTION SHALL EXPIRE JULY 1, 2012.

5.      Harrisburg has filed a "Statement of Qualifications Under Section 109(c)" with its Petition that cites Act 47 as the source of its specific authority to file a Chapter 9 petition, but completely fails to acknowledge that Act 26 has amended the Fiscal Code to specifically <u>deny</u> financially distressed cities of the third class, including Harrisburg, any such authority until July 1, 2012.

6.      The Commonwealth is unaware of any reported case, from any jurisdiction in the United States, in which a municipality such as Harrisburg has so brazenly disregarded an express statutory <u>denial</u> of authority to file a Chapter 9 petition.    The definition of "express authority" under section 109(c)(2), as articulated by *In re County of Orange*, 183 B.R. 594, 604 (Bankr. C.D. Cal. 1995), is instructive, however:

> Express authority is defined as 'that which confers power to do a particular identical thing set forth and declared exactly, plainly and directly with well defined limits.' (citing Black's Law Dictionary 581 (6th ed. 1990)).  Since the state acts by statute, the authorization obviously must be recorded in writing.  It also must be exact, plain, and direct with well defined limits so that nothing is left to inference or implication.

7.      Here, it is Act 26 which leaves nothing to inference or implication – the Commonwealth has unequivocally provided that cities such as Harrisburg are <u>prohibited</u> from filing a federal bankruptcy petition until at least July 1, 2012.   The only basis on which to pretend that Harrisburg is "specifically authorized" to file a Chapter 9 petition is to ignore the passage of Act 26 altogether, which, incidentally, is what Harrisburg has elected to do in its "Statement of Qualifications Under Section 109(c)".

8.      State law prohibits Harrisburg from filing this bankruptcy petition, and the Bankruptcy Code, in deference to the Tenth Amendment of the United States Constitution, does not permit this Honorable Court to entertain this frontal attack by Harrisburg on the

3

Commonwealth's ability to govern its own municipalities. No one, least of all the Commonwealth, denies that Harrisburg is confronted with serious financial difficulties that must be addressed. That is all the more reason, however, why Harrisburg cannot afford to waste any further time and resources on this patently illegal usurpation of the Commonwealth's sovereignty.

WHEREFORE, the Commonwealth of Pennsylvania respectfully requests that the Court dismiss this Chapter 9 case for failure to satisfy the eligibility criteria set forth in 11 U.S.C. § 109(c).

                                        COZEN O'CONNOR

Dated: October 14, 2011          By:   /s/ Neal D. Colton
                                        Neal D. Colton
                                        Jeffrey G. Weil
                                        Eric L. Scherling
                                        Cozen O'Connor
                                        1900 Market Street
                                        Fourth Floor, The Atrium
                                        Philadelphia, PA 19103
                                        Telephone: (215) 665-2060

                                        Counsel to the Commonwealth of
                                        Pennsylvania

4

EXHIBIT "A"

PRIOR PRINTER'S NOS. 943, 1243, 1451          PRINTER'S NO. **1452**

## THE GENERAL ASSEMBLY OF PENNSYLVANIA

# SENATE BILL

## No. 907    Session of 2011

INTRODUCED BY BROWNE, MARCH 30, 2011

AS RE-REPORTED FROM COMMITTEE ON APPROPRIATIONS, HOUSE OF
    REPRESENTATIVES, AS AMENDED, JUNE 28, 2011

AN ACT

1   Amending the act of April 9, 1929 (P.L.343, No.176), entitled,
2       as amended, "An act relating to the finances of the State
3       government; providing for the settlement, assessment,
4       collection, and lien of taxes, bonus, and all other accounts
5       due the Commonwealth, the collection and recovery of fees and
6       other money or property due or belonging to the Commonwealth,
7       or any agency thereof, including escheated property and the
8       proceeds of its sale, the custody and disbursement or other
9       disposition of funds and securities belonging to or in the
10      possession of the Commonwealth, and the settlement of claims
11      against the Commonwealth, the resettlement of accounts and
12      appeals to the courts, refunds of moneys erroneously paid to
13      the Commonwealth, auditing the accounts of the Commonwealth
14      and all agencies thereof, of all public officers collecting
15      moneys payable to the Commonwealth, or any agency thereof,
16      and all receipts of appropriations from the Commonwealth,
17      authorizing the Commonwealth to issue tax anticipation notes
18      to defray current expenses, implementing the provisions of
19      section 7(a) of Article VIII of the Constitution of
20      Pennsylvania authorizing and restricting the incurring of
21      certain debt and imposing penalties; affecting every
22      department, board, commission, and officer of the State
23      government, every political subdivision of the State, and
24      certain officers of such subdivisions, every person,
25      association, and corporation required to pay, assess, or
26      collect taxes, or to make returns or reports under the laws
27      imposing taxes for State purposes, or to pay license fees or
28      other moneys to the Commonwealth, or any agency thereof,
29      every State depository and every debtor or creditor of the
30      Commonwealth," ~~in special funds,~~ PROVIDING FOR TIME FOR       ←
31      FILING RETURNS FOR CERTAIN SALES AND USE TAXPAYERS;
32      ESTABLISHING A RESTRICTED ACCOUNT WITHIN THE AGRICULTURAL
33      COLLEGE LAND SCRIP FUND; IN BORROWING FOR CAPITAL FACILITIES,

1 BONDS. NOTHING IN THIS SECTION SHALL LIMIT THE AUTHORITY OF THE

2 COMMONWEALTH OR ANY GOVERNMENT ENTITY TO CHANGE THE RATE, TAX

3 BASES OR ANY SUBJECT OF ANY SPECIFIC TAX OR REPEALING OR

4 ENACTING ANY TAX.

5 SECTION 1608-B.  CONFIDENTIALITY.

6    NOTWITHSTANDING ANY LAW PROVIDING FOR THE CONFIDENTIALITY OF

7 TAX RECORDS, THE CONTRACTING AUTHORITY AND THE LOCAL TAXING

8 AUTHORITIES SHALL HAVE ACCESS TO ANY REPORTS AND CERTIFICATIONS

9 FILED UNDER THIS ARTICLE, AND THE CONTRACTING AUTHORITY SHALL

10 HAVE ACCESS TO ANY STATE OR LOCAL TAX INFORMATION FILED BY A

11 QUALIFIED BUSINESS IN THE NEIGHBORHOOD IMPROVEMENT ZONE SOLELY

12 FOR THE PURPOSE OF DOCUMENTING THE CERTIFICATIONS REQUIRED BY

13 THIS ARTICLE. ANY OTHER USE OF THE TAX INFORMATION SHALL BE

14 PROHIBITED AS PROVIDED UNDER LAW.

15    SECTION 1.5.  THE ACT IS AMENDED BY ADDING AN ARTICLE TO

16 READ:

17                       ARTICLE XVI-D.1

18               FINANCIALLY DISTRESSED MUNICIPALITIES

19 SECTION 1601-D.1.  ADMINISTRATIVE OVERSIGHT.

20    (A)  SCOPE.--THIS SECTION APPLIES TO A CITY OF THE THIRD

21 CLASS WHICH IS DETERMINED TO BE FINANCIALLY DISTRESSED UNDER

22 SECTION 203 OF THE ACT OF JULY 10, 1987 (P.L.246, NO.47), KNOWN

23 AS THE MUNICIPALITIES FINANCIAL RECOVERY ACT.

24    (B)  LIMITATION ON BANKRUPTCY.--NOTWITHSTANDING ANY OTHER

25 PROVISION OF LAW, INCLUDING SECTION 261 OF THE MUNICIPALITIES

26 FINANCIAL RECOVERY ACT, NO DISTRESSED CITY MAY FILE A PETITION

27 FOR RELIEF UNDER 11 U.S.C. CH. 9 (RELATING TO ADJUSTMENT OF

28 DEBTS OF A MUNICIPALITY) OR ANY OTHER FEDERAL BANKRUPTCY LAW,

29 AND NO GOVERNMENT AGENCY MAY AUTHORIZE THE DISTRESSED CITY TO

30 BECOME A DEBTOR UNDER 11 U.S.C. CH. 9 OR ANY OTHER FEDERAL

1 BANKRUPTCY LAW.

2 (C) PENALTY.--IF A CITY SUBJECT TO THIS SECTION FAILS TO

3 COMPLY WITH SUBSECTION (B), ALL COMMONWEALTH FUNDING TO THE CITY

4 SHALL BE SUSPENDED.

5 (D) EXPIRATION.--THIS SECTION SHALL EXPIRE JULY 1, 2012.

6 SECTION 1.6. ARTICLE XVI-F HEADING OF THE ACT, ADDED JULY 6,

7 2010 (P.L.279, NO.46), IS AMENDED TO READ:

8                          ARTICLE XVI-F

9                          [(RESERVED)]

10              KEYSTONE SPECIAL DEVELOPMENT ZONE

11 SECTION 1.7.  THE ACT IS AMENDED BY ADDING SECTIONS TO READ:

12 SECTION 1601-F.  SCOPE OF ARTICLE.

13 THIS ARTICLE RELATES TO THE KEYSTONE SPECIAL DEVELOPMENT ZONE

14 PROGRAM.

15 SECTION 1602-F.  DEFINITIONS.

16 THE FOLLOWING WORDS AND PHRASES WHEN USED IN THIS ARTICLE

17 SHALL HAVE THE MEANINGS GIVEN TO THEM IN THIS SECTION UNLESS THE

18 CONTEXT CLEARLY INDICATES OTHERWISE:

19 "AFFILIATE."  AS FOLLOWS:

20      (1)  AN ENTITY WHICH IS PART OF THE SAME "AFFILIATED

21 GROUP," AS DEFINED IN SECTION 1504(A) OF THE INTERNAL REVENUE

22 CODE OF 1986 (PUBLIC LAW 99-514, 26 U.S.C. § 1504(A)), AS A

23 KEYSTONE SPECIAL DEVELOPMENT ZONE EMPLOYER; OR

24      (2)  AN ENTITY THAT WOULD BE PART OF THE SAME "AFFILIATED

25 GROUP" EXCEPT THAT THE ENTITY OR THE KEYSTONE SPECIAL

26 DEVELOPMENT EMPLOYER IS NOT A CORPORATION.

27 "DEPARTMENT."  THE DEPARTMENT OF COMMUNITY AND ECONOMIC

28 DEVELOPMENT OF THE COMMONWEALTH.

29 "EMPLOYEE."  AN INDIVIDUAL WHO:

30      (1)  IS EMPLOYED IN THIS COMMONWEALTH BY A KEYSTONE

Case 1:11-bk-06938-MDF   Doc 15   Filed 10/14/11   Entered 10/14/11 11:21:58   Desc
Main Document      Page 8 of 8