**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | ) | |
| THE CITY OF HARRISBURG, PA, | ) | Bankruptcy No. 11-6938 (MDF) |
| | ) | |
| Purported Debtor. | ) | Chapter 9 |
| | ) | |
| | ) | Related to Docket No. 14 |

## <u>CITY OF HARRISBURG'S OBJECTION TO, AND</u>
## <u>MOTION TO VACATE OR MODIFY, ORDER (Dkt. No. 14)</u>

The City of Harrisburg, through its Mayor, the Honorable Linda D. Thompson, by and through its counsel, Tucker Arensberg, P.C., files this Objection to, and Motion to Vacate or Modify, Order (Dkt No. 14), and in support thereof, states as follows:

1. The City of Harrisburg (the "City") is a Pennsylvania Municipal Corporation organized pursuant to the Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. § 35101 *et seq.*, and operating pursuant to Mayor-Council Plan A ("Plan A") of the Optional Third Class City Charter Law, Act of July 15, 1957, P.L. 901, as amended, 53 P.S. § 41101 *et seq.* The Optional Third Class City Charter Law provides for a clearly delineated separation of powers between the executive and the legislative branches of government. <u>City of Erie v. Dept. of Environmental Protection,</u> 844 A.2d 586, 590 (Pa.Cmwlth. 2004).

2. On October 11, 2011, four members of the City Council of Harrisburg (the "Unauthorized Council Members"), by resolution, purported to authorize the filing of a bankruptcy petition under Chapter 9 of the United States Bankruptcy Code by the City of Harrisburg (the "Petition") and further purported to retain attorney Mark D. Schwartz to file the Bankruptcy Case on behalf of the City.

3. On October 14, 2011, this Court entered an Order at Dkt. No. 14 (the "Order") that provides in part as follows:

> [T]he City of Harrisburg shall give immediate notice of the commencement of the case to all parties in interest.
>
> * * * *
>
> [The City of Harrisburg] shall publish notice of the commencement of the case as required by 11 U.S.C. § 923 and shall file with the Court proofs of publication not later than 10 days after the last publication. All publications required pursuant to 11 U.S.C. § 923 shall be made in the "Wall Street Journal" and the "Harrisburg Patriot [News]". (the "Notice").

4. The City requests that this Court vacate the Order, or delay the timeframes to give and publish Notice in the Order, because the City believes that this case was not properly filed and must be dismissed.

5. The commencement of a case occurs upon the filing of a petition by an *entity that may be a debtor*. 11 U.S.C. Section 301(a).

6. Upon "commencement" of a case under Chapter 9, notice must be given as provided for in 11 U.S.C. Section 923.

7. Here, however, the Bankruptcy Petition was signed by one of the Unauthorized Council Members - not by the city executive vested with such power -- the Mayor. Thus, the Petition is invalid and should not be treated as being a petition which 'commences' a case.

8. The executive power of city shall be exercised by the Mayor". 53 P.S. Section 41411. Section 412 of the Charter goes on to say "the Mayor shall enforce the charter and ordinances of the City and all general laws applicable thereto." 53 P.S. Section 41412. In contrast, the Council is limited to legislative powers. See, 53 P.S. Section 41407. "

9. Plan A thus establishes the mayor as THE governing municipal officer and vests the City's executive power in the Mayor of Harrisburg. See, The Honorable Stephen R. Reed And Fred Clark v. The Harrisburg City Council et al., 606 Pa. 117, 995 A.2d 1137 (Pa. 2010).

2

10. The Commonwealth Court has also clearly stated that in a Strong Mayor form of government "only the Mayor can authorize legal action on behalf of the City and only the City Solicitor can initiate that action." City of Erie v. Dept. of Environmental Protection, 844 A.2d 586, 591 (Pa.Cmwlth. 2004). Council cannot, by resolution, strip the Mayor of the executive power to authorize lawsuits and the authority of the Solicitor to initiate lawsuits by unilaterally appointing outside counsel to file an action on the City's behalf.

11. Moreover, the "governing body" of the City of Harrisburg includes the Mayor. Reed v. The Harrisburg City Council, supra, 606 Pa. 117 at 127. The Unauthorized Council Members consisted of four City Council members.

12. City Council's resolution authorizing the filing of a bankruptcy petition was passed in violation of City of Harrisburg Codified Ordinance, § 1-201.1(d) which requires that "all proposed bills or resolutions shall be presented to the City Solicitor for approval as to form and legality prior to introduction."

13. However, even *assuming arguendo* that City Council properly passed a resolution authorizing the City to file Bankruptcy, the filing of the Petition itself is an executive action that may only be undertaken by the Mayor.

14. Accordingly, because the Petition signed and filed by the Unauthorized Council Members and Attorney Schwartz is not valid and must be dismissed, the Order which requires the City to provide and publish the Notice is at best premature and likely not required. Thus, the Order should be vacated.

15. Indeed, the cost of this notice will be significant. Publication in the Wall Street Journal and Harrisburg Patriot News comes only at a significant cost. Parties in interest could include thousands of parties and will also place a significant burden and expense on the City.

Bf 418944.1

16.     Alternatively, if this Court wants notice to be provided immediately, it should direct that all expenses of the Notice should be born by the Unauthorized Council Members and Attorney Schwartz.

WHEREFORE, the City respectfully requests that this Honorable Court vacate or delay the timeframes for compliance with the Order entered at Docket No. 14 as requested herein or,in the alternative, direct that the expenses and costs of the Notice required by the Order be borne by the Unauthorized Council Members and Attorney Schwartz, and the City further prays that this Court grant the City such other relief as is just and proper.

Dated:  October 16, 2011.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By: */s/ Kenneth W. Lee, Esquire*
Kenneth W. Lee, Esquire
Christopher E. Fisher, Esquire
TUCKER ARENSBERG, P.C.
111 North Front Street
P.O. Box 889
Harrisburg, PA 17108-0889
Telephone: (717) 234-4121
Facsimile: (717) 232-6802

Beverly Weiss Manne, Esquire
Michael A. Shiner, Esquire
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
Telephone: (412) 566-1212
Facsimile: (412) 594-5619

Email: cfisher@tuckerlaw.com
klee@tuckerlaw.com
bmanne@tuckerlaw.com
mshiner@tuckerlaw.com

*Counsel for City of Harrisburg and Honorable Mayor Linda D. Thompson*

Bf 418944.1