IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
In re:                                    :
                                          :   Chapter 9
CITY OF HARRISBURG, PA                    :
                                          :   Case No. 11-06938 (MDF)
                             Debtor.      :
                                          :
------------------------------------------------------- x

## OBJECTION OF AMBAC ASSURANCE CORPORATION TO
## THE CHAPTER 9 PETITION OF THE CITY OF HARRISBURG, PENNSYLVANIA

Ambac Assurance Corporation ("Ambac"), by and through its counsel, Arent Fox LLP, and its co-counsel, Obermayer Rebmann Maxwell & Hippel LLP, pursuant to sections 109(c) and 921(c) of chapters 1 and 9 of title 11 of the United States Code (the "Bankruptcy Code") and this Court's Order, entered October 12, 2011, hereby objects (the "Objection") to the voluntary petition [Docket No. 1] (the "Petition") under chapter 9 of the Bankruptcy Code of the City of Harrisburg (the "City") filed by its City Council (the "City Council")[1] on October 11, 2011 and the entry of an order for relief in connection therewith, and respectfully represents as follows:

### PRELIMINARY STATEMENT

1.  The Petition must be dismissed because the City fails to satisfy the debtor-eligibility requirements under section 109(c) of the Bankruptcy Code. Pursuant to section 109(c), the City bears the burden of demonstrating that it is specifically authorized to be a debtor under chapter 9 of the Bankruptcy Code.

2.  Section 109(c)(2) provides that a municipality is not eligible to be a debtor

---

[1] Ambac's use of the term "City" to describe the entity filing the Petition is solely for convenience, and should not be construed as an acknowledgement that the City Council possessed the authority to act on behalf of the City of Harrisburg in filing the Petition. *See* City of Harrisburg's Objection to, and Motion to Vacate or Modify, Order [Docket No. 27], filed October 16, 2011.

NYC/624978.6

Case 1:11-bk-06938-MDF    Doc 70    Filed 10/28/11    Entered 10/28/11 10:59:50    Desc
Main Document    Page 1 of 14

unless it is specifically authorized by State law to file for bankruptcy. The City's Statement of Qualifications under Section 109(c) (the "Statement") contains misleading and inaccurate statements about the current status of the law in the Commonwealth of Pennsylvania and the authority of the City to be a debtor under chapter 9 of the Bankruptcy Code. More particularly, the City's Statement completely omits that Act 26 prohibits the City of Harrisburg, a financially distressed "city of the third class," from filing a petition for relief under chapter 9 of the Bankruptcy Code. Article XVI-D.1(D). Thus, under Act 26, the City is not only *not* specifically authorized by State law to file the Petition, it is expressly *prohibited* from doing so.

3. As more fully discussed below, because the City is ineligible to be a chapter 9 debtor, the Court should dismiss the Petition.

## BACKGROUND

A. **The General Obligation Bonds**

4. In order to provide financial assistance and fund certain capital projects for the City, the City issued General Obligation Bonds and Notes, consisting of $24,891,772.10 General Obligation Refunding Bonds, Series D of 1997 (the "Series D Bonds"), $12,840,000.00 Federally Taxable General Obligation Refunding Bonds, Series E of 1997 (the "Series E Bonds"), $26,632,302.75 General Obligation Refunding Notes, Series F of 1997 (the "Series F Notes"), and $580,000 Federally Taxable General Obligation Refunding Notes, Series G of 1997 (the "Series G Notes," and together with the Series D Bonds, the Series E Bonds, the Series F Notes, "the Bonds"). The Bonds were issued pursuant to an Ordinance of the City enacted by its City Council on November 25, 1997 (together with all amendments thereto, the "Ordinance"), in accordance with the Pennsylvania Local Government Unit Debt Act of the Commonwealth of Pennsylvania, Act No. 1972-185, as re-enacted, amended,

2

supplemented, and codified by Act No. 1996-177.

5. The Bonds are general obligations of the City, and the City has pledged its full faith, credit, and taxing power, including the power to levy ad valorem taxes on all taxable real property within the City, without limitations as to rate or amount, for the payment of principal, maturity amount, and interest on the Bonds.

6. Ambac issued a municipal bond insurance policy (the "Policy"), dated December 1, 1997, insuring regularly scheduled principal and interest payments with respect to the Bonds for the benefit of the holders of the Bonds (the "Bondholders"). Under the terms of the Policy, Ambac will pay to United States Trust Company or its successor (the "Insurance Trustee") that portion of the principal and interest on the General Obligation Bonds that becomes due and payable but is unpaid by reason of the City's nonpayment, subject to the terms and conditions set forth in the Policy. As a condition to payment of the insurance benefits to the Bondholders from the Insurance Trustee, Bondholders are obligated to assign their right, title, and interest in the Bonds to Ambac, and Ambac is subrogated to all rights and remedies of the Bondholders to the extent of Ambac's payments under the Policy. Ambac is, accordingly, a party in interest in this proceeding.

**B.    The Improper Bankruptcy Filing**

7. On October 11, 2011, four members of the City Council, by resolution, purported to authorize the filing of a bankruptcy petition under chapter 9 of the Bankruptcy Code, and filed a voluntary petition for relief on behalf of the City in the United States Bankruptcy Court for the Middle District of Pennsylvania.

8. The Petition cites to the Financially Distressed Municipalities Act (53 P.S. §§11701.101 *et seq.*), commonly referred to as "Act 47," as the source of its specific authority

3

to file the chapter 9 Petition. Act 47 provides, *inter alia*, for the restructuring of debt of financially distressed municipalities, and for municipalities to participate in federal debt adjustment actions and bankruptcy actions under certain circumstances.

9. On June 30, 2011, the Pennsylvania State legislature enacted Act 26 of 2011, 72 P.S. § 1601-D1 (2011) ("Act 26"), which imposes certain limitations on the authority of distressed municipalities to file for bankruptcy pursuant to Act 47. Act 26 prohibits a financially distressed "city of the third class" from filing a petition for relief under chapter 9 of the Bankruptcy Code or any other federal bankruptcy law. Article XVI-D.1, titled "Financial Distressed Municipalities," provides as follows:

> (A) SCOPE. – THIS SECTION APPLIES TO A CITY OF THE THIRD CLASS WHICH IS DETERMINED TO BE FINANCIALLY DISTRESSED UNDER SECTION 203 OF THE ACT OF JULY 10, 1987 (P.L. 246, NO. 47), KNOWN AS THE MUNICIPALITIES FINANCIAL RECOVERY ACT.
>
> (B) LIMITATION ON BANKRUPTCY. – NOTWITHSTANDING ANY OTHER PROVISION OF LAW, INCLUDING SECTION 261 OF THE MUNICIPALITIES FINANCIAL RECOVERY ACT, NO DISTRESSED CITY MAY FILE A PETITION FOR RELIEF UNDER 11 U.S.C. CH. 9 (RELATING TO ADJUSTMENT OF DEBTS OF A MUNICIPALITY) OR ANY OTHER FEDERAL BANKRUPTCY LAW, AND NO GOVERNMENT AGENCY MAY AUTHORIZE THE DISTRESSED CITY TO BECOME A DEBTOR UNDER 11 U.S.C. CH. 9 OR ANY OTHER FEDERAL BANKRUPTCY LAW.
>
> (C) PENALTY. – IF A CITY SUBJECT TO THIS SECTION FAILS TO COMPY WITH SUBSECTION (B), ALL COMMONWEALTH FUNDING TO THE CITY SHALL BE SUSPENDED.
>
> (D) EXPIRATION. – THIS SECTION SHALL EXPIRE JULY 1, 2012.

A copy of the relevant portion of Act 26 is attached as <u>Exhibit A</u>.

10. The City of Harrisburg is a third class city of the Commonwealth of Pennsylvania, existing under provisions of the Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. § 35101 *et seq.*, and operating pursuant to Mayor-Council Plan

4

NYC/624978.6

A of the Optional Third Class City Charter Law, Act of July 15, 1957, P.L. 901, as amended, 53 P.S. § 41101 *et seq*. As such, the City operates and is subject to all restrictions imposed on a "city of the third class" within the Commonwealth of Pennsylvania – including the bar on filing for relief under chapter 9 of the Bankruptcy Code. And, as the City acknowledges, it is also financially distressed within the meaning of Act 26.

11. The City fails to acknowledge, however, that Act 26 amended the Fiscal Code and imposes limitations on the authorization otherwise provided by Act 47. As a result of Act 26, a financially distressed city of the third class can no longer be a chapter 9 debtor, at least until July 1, 2012, when the provisions of Act 26 expire.

## C. The Bankruptcy Case

12. On October 14, 2011, the Commonwealth of Pennsylvania filed an objection to the Petition requesting that the Court dismiss the chapter 9 case for failure to satisfy the eligibility criteria set forth in section 109(c) of the Bankruptcy Code [Docket No. 15] (the "Commonwealth Objection"). On October 16, 2011, the City of Harrisburg, through its Mayor, the Honorable Linda D. Thompson, filed its objection [Docket No. 27] (the "Mayor's Objection"), likewise urging that the Petition is invalid and must be dismissed.

13. After a status conference held on October 17, 2011 regarding the Petition, the Commonwealth Objection, and the Mayor's Objection, the Court entered the *Order Setting Objection and Briefing Deadlines and Scheduling Hearing* [Docket No. 42] ("Scheduling Order") requiring any and all objections to the Petition with respect to the limited issue of "the Debtor's authority to file under Pennsylvania Act 26 and Act 27, the Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. § 35101 et seq., and/or the Optional Third Class City Charter Law, Act of July 15, 1957, P.L. 901, as amended, 53 P.S. § 41101 et seq" to

5

NYC/624978.6

Case 1:11-bk-06938-MDF    Doc 70    Filed 10/28/11    Entered 10/28/11 10:59:50    Desc
Main Document    Page 5 of 14

be filed by October 28, 2011. *See Scheduling Order* ¶ 2(a). Pursuant to the Scheduling Order, any other objections to the Petition under any other subsection of section 109(c) of the Bankruptcy Code were expressly preserved for a later date.

## OBJECTION

14. The City is not authorized to file a petition under chapter 9 and, therefore, the Petition is invalid and the chapter 9 case must be dismissed.

15. Section 109(c)(2) of the Bankruptcy Code requires municipalities to be "specifically authorized . . . by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor" under chapter 9. *See* 11 U.S.C. § 109(c)(2). Section 921(c) of the Bankruptcy Code provides that the bankruptcy court *may* dismiss the petition if the debtor does not meet the requirements under section 109(c) of the Bankruptcy Code. However, courts construing this provision hold that it *requires* dismissal where the requirements of section 109(c) are not met. *See, e.g., In re City of Vallejo*, 408 B.R. 280, 289 (B.A.P. 9th Cir. 2009) ("Despite the permissive statutory language, courts have construed § 921(c) to require the mandatory dismissal of a petition filed by a debtor who fails to meet the eligibility requirements under § 109(c) [of the Bankruptcy Code]." (citation omitted)); *In re Cnty. of Orange*, 183 B.R. 594, 599 (Bankr. C.D. Cal. 1995) ("Although the language of § 921(c) is permissive, the case law indicates that § 921(c) 'must be given a mandatory effect if the defect in the filing is in the debtor's eligibility to file chapter 9.'" (citation omitted)).

16. The chapter 9 petitioner bears the burden of demonstrating that it has met the mandatory provisions of section 109(c) of the Bankruptcy Code. *In re Valley Health Sys.*, 383 B.R. 156, 161 (Bankr. C.D. Cal. 2008); *In re Cnty. of Orange*, 183 B.R. at 599 (citing *In re*

6

NYC/624978.6

Case 1:11-bk-06938-MDF   Doc 70   Filed 10/28/11   Entered 10/28/11 10:59:50   Desc
Main Document      Page 6 of 14

*City of Bridgeport*, 129 B.R. 332, 339 (Bankr. D. Conn. 1991)). When determining whether a chapter 9 petitioner is eligible for an order for relief, a bankruptcy court "should . . . not exercise [its jurisdiction] lightly . . . Considering the bankruptcy court's severely limited control over the debtor, once the petition is approved, access to Chapter 9 relief has been designed to be an intentionally difficult task." *In re Sullivan Cnty. Reg'l Refuse Disposal Dist.*, 165 B.R. 60 (Bankr. D.N.H. 1994); *see also In re Cottonwood Water and Sanitation Dist., Douglas Cnty., Colo.*, 138 B.R. 973, 979 (Bankr. D. Colo. 1992) (explaining that, although the Bankruptcy Code, as remedial legislation, is generally broadly construed, "municipal bankruptcies involve significant problems . . . not encountered in the private sector" and raise important constitutional issues, so that "Congress consciously sought 'to limit accessibility to the bankruptcy court' by municipalities." (citation omitted)).

17. Notably, the Bankruptcy Code did not always require specific authorization from the State for a municipality to file for bankruptcy protection. *See In re New York City Off-Track Betting Corp.*, 427 B.R. 256, 266 (Bankr. S.D. N.Y. 2010). Prior to the Bankruptcy Reform Act of 1994, the Bankruptcy Code required only general authorization for a municipality to file for chapter 9 protection. *Id.* With this language, some courts construed "general authorization" very broadly so as to hold, for example, that a simple grant of authority to sue and be sued was a sufficient grant of "general authorization" to be a debtor under chapter 9. *See, e.g., In re City of Bridgeport*, 128 B.R. 688, 696 (Bankr. D. Conn. 1991); *In re City of Wellston*, 43 B.R. 348, 350 (Bankr. E.D. Mo. 1984). Other courts required express State authorization for the filing of a petition for relief under chapter 9 of the Bankruptcy Code. *See, e.g., In re N. & S. Shenango Joint Mun. Auth.*, 80 B.R. 57, 58 (W.D. Pa. 1982); *In re Carroll Twp. Auth.*, 119 B.R. 61, 63 (Bankr. W.D. Pa. 1990). Consequently, in 1994, the

language of section 109(c) was changed "to remedy [the] split." *In re New York City Off-Track Betting Corp.*, 427 B.R. at 267.

18. Under section 109(c), as revised, a municipality may be a debtor only if it is "*specifically* authorized" by State law to file under Chapter 9. 11 U.S.C. § 109(c) (emphasis added); *see also In re Slocum Lake Drainage Dist. of Lake Cnty.*, 336 B.R. 387, 390 (Bankr. N.D. Ill. 2006) (quoting H.R.REP. No. 103-835, at 59 (1994) ("This section clarifies the eligibility requirements applicable to the municipal bankruptcy filings by requiring that municipalities be specifically authorized by the State in order to be eligible to file for bankruptcy.")). "The few courts that have analyzed the revised language consistently hold that the plain language of the statute must be satisfied: specific authorization from a state is required for a municipality to file for bankruptcy." *In re New York City Off-Track Betting Corp.*, 427 B.R. at 267; *see also In re Timberon Water & Sanitation Dist.*, 2008 WL 5170581 at *2 (Bankr. D.N.M. June 18, 2008) ("the statute was amended to require that a municipality be 'specifically authorized to file for bankruptcy'"); *In re Slocum Lake Drainage Dist. of Lake Cnty.*, 336 B.R. at 390 ("specific authorization by a state is necessary in order for a municipality to be eligible for bankruptcy"); *In re Alleghany-Highlands Econ. Dev. Auth.*, 270 B.R. 647, 648-49 (Bankr. W.D. Va. 2001) (same); *In re Cnty. of Orange*, 183 B.R. at 604 ("The [1994] amendment requires that the state give the municipality express authority to file."). Further, these courts have held that the authorization must be "exact, plain, and direct with well-defined limits so that nothing is left to inference or implication." *In re New York City Off-Track Betting Corp.*, 427 B.R. at 267 (*quoting In re Slocum*, 336 B.R. at 390); *In re Timberon*, 2008 WL 5170581, at *2 (same); *In re Alleghany-Highlands*, 270 B.R. at 648-49 (same); *In re Cnty. of Orange*, 183 B.R. at 604 (same).

8

NYC/624978.6

19. Given the recent passage of Act 26 by the Commonwealth of Pennsylvania, it is clear that no authority whatsoever exists to file the Petition in this case, much less any "specific" authority. To the contrary, Act 26 specifically *prohibits* a financially distressed "city of the third class," such as the City of Harrisburg, from filing a petition for relief under chapter 9 of the Bankruptcy Code. The City fails to acknowledge Act 26 and its effect on the City's Petition. In light of Act 26, authority for financially distressed municipalities to file a municipal debt adjustment action under chapter 9 of the Bankruptcy Code no longer applies to a financially distressed "city of the third class." As a result, the City is ineligible to be a chapter 9 debtor and the case must be dismissed.

## RESERVATION OF RIGHTS

20. Ambac reserves the right to address other issues raised by the filing of the Petition either by further submission to this Court, at oral argument, or by testimony to be presented at any hearing. Ambac further expressly reserves the right to supplement this Objection at any time prior to or during the hearings on the City's authority to file the Petition. And finally, as provided in the Scheduling Order, Ambac expressly reserves its right to object to the Petition on grounds other than section 109(c)(2) at a later date.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## CONCLUSION

The City has failed to establish the Congressionally-mandated criteria for bankruptcy intervention. For all the foregoing reasons, Ambac respectfully requests that the Court (i) decline to enter an order for relief, (ii) dismiss the City's Petition, (iii) dismiss this case, and (iv) grant such other relief as the Court deems just and proper.

Dated: Harrisburg, Pennsylvania
       October 28, 2011

By: /s/ Walter W. Cohen
Walter W. Cohen, Esquire (PA # 12097)
Kevin J. Kehner, Esquire (PA # 33539)
Obermayer Rebmann Maxwell & Hippel LLP
200 Locust Street, Suite 400
Harrisburg, Pennsylvania 17101
Telephone: (717) 234-9730
Facsimile: (717) 234-9734
Email: walter.cohen@obermayer.com
Email: kevin.kehner@obermayer.com

- and-

David L. Dubrow, Esquire (NY # 2115806)
Carol Connor Cohen, Esquire (DC # 347302)
Arent Fox LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: dubrow.david@arentfox.com
Email: cohen.carol@arentfox.com

*Counsel for Ambac Assurance Corporation*

10

NYC/624978.6

# EXHIBIT A

**THE GENERAL ASSEMBLY OF PENNSYLVANIA**

# SENATE BILL

No. 907   Session of 2011

INTRODUCED BY BROWNE, MARCH 30, 2011

AS RE-REPORTED FROM COMMITTEE ON APPROPRIATIONS, HOUSE OF REPRESENTATIVES, AS AMENDED, JUNE 28, 2011

AN ACT

```
 1  Amending the act of April 9, 1929 (P.L.343, No.176), entitled,
 2     as amended, "An act relating to the finances of the State
 3     government; providing for the settlement, assessment,
 4     collection, and lien of taxes, bonus, and all other accounts
 5     due the Commonwealth, the collection and recovery of fees and
 6     other money or property due or belonging to the Commonwealth,
 7     or any agency thereof, including escheated property and the
 8     proceeds of its sale, the custody and disbursement or other
 9     disposition of funds and securities belonging to or in the
10     possession of the Commonwealth, and the settlement of claims
11     against the Commonwealth, the resettlement of accounts and
12     appeals to the courts, refunds of moneys erroneously paid to
13     the Commonwealth, auditing the accounts of the Commonwealth
14     and all agencies thereof, of all public officers collecting
15     moneys payable to the Commonwealth, or any agency thereof,
16     and all receipts of appropriations from the Commonwealth,
17     authorizing the Commonwealth to issue tax anticipation notes
18     to defray current expenses, implementing the provisions of
19     section 7(a) of Article VIII of the Constitution of
20     Pennsylvania authorizing and restricting the incurring of
21     certain debt and imposing penalties; affecting every
22     department, board, commission, and officer of the State
23     government, every political subdivision of the State, and
24     certain officers of such subdivisions, every person,
25     association, and corporation required to pay, assess, or
26     collect taxes, or to make returns or reports under the laws
27     imposing taxes for State purposes, or to pay license fees or
28     other moneys to the Commonwealth, or any agency thereof,
29     every State depository and every debtor or creditor of the
30     Commonwealth," in special funds, PROVIDING FOR TIME FOR     ←
31     FILING RETURNS FOR CERTAIN SALES AND USE TAXPAYERS;
32     ESTABLISHING A RESTRICTED ACCOUNT WITHIN THE AGRICULTURAL
33     COLLEGE LAND SCRIP FUND; IN BORROWING FOR CAPITAL FACILITIES,
```

1 BONDS. NOTHING IN THIS SECTION SHALL LIMIT THE AUTHORITY OF THE
2 COMMONWEALTH OR ANY GOVERNMENT ENTITY TO CHANGE THE RATE, TAX
3 BASES OR ANY SUBJECT OF ANY SPECIFIC TAX OR REPEALING OR
4 ENACTING ANY TAX.
5 SECTION 1608-B.  CONFIDENTIALITY.
6   NOTWITHSTANDING ANY LAW PROVIDING FOR THE CONFIDENTIALITY OF
7 TAX RECORDS, THE CONTRACTING AUTHORITY AND THE LOCAL TAXING
8 AUTHORITIES SHALL HAVE ACCESS TO ANY REPORTS AND CERTIFICATIONS
9 FILED UNDER THIS ARTICLE, AND THE CONTRACTING AUTHORITY SHALL
10 HAVE ACCESS TO ANY STATE OR LOCAL TAX INFORMATION FILED BY A
11 QUALIFIED BUSINESS IN THE NEIGHBORHOOD IMPROVEMENT ZONE SOLELY
12 FOR THE PURPOSE OF DOCUMENTING THE CERTIFICATIONS REQUIRED BY
13 THIS ARTICLE. ANY OTHER USE OF THE TAX INFORMATION SHALL BE
14 PROHIBITED AS PROVIDED UNDER LAW.
15   SECTION 1.5.  THE ACT IS AMENDED BY ADDING AN ARTICLE TO
16 READ:
17                        ARTICLE XVI-D.1
18              FINANCIALLY DISTRESSED MUNICIPALITIES
19 SECTION 1601-D.1.  ADMINISTRATIVE OVERSIGHT.
20   (A)  SCOPE.--THIS SECTION APPLIES TO A CITY OF THE THIRD
21 CLASS WHICH IS DETERMINED TO BE FINANCIALLY DISTRESSED UNDER
22 SECTION 203 OF THE ACT OF JULY 10, 1987 (P.L.246, NO.47), KNOWN
23 AS THE MUNICIPALITIES FINANCIAL RECOVERY ACT.
24   (B)  LIMITATION ON BANKRUPTCY.--NOTWITHSTANDING ANY OTHER
25 PROVISION OF LAW, INCLUDING SECTION 261 OF THE MUNICIPALITIES
26 FINANCIAL RECOVERY ACT, NO DISTRESSED CITY MAY FILE A PETITION
27 FOR RELIEF UNDER 11 U.S.C. CH. 9 (RELATING TO ADJUSTMENT OF
28 DEBTS OF A MUNICIPALITY) OR ANY OTHER FEDERAL BANKRUPTCY LAW,
29 AND NO GOVERNMENT AGENCY MAY AUTHORIZE THE DISTRESSED CITY TO
30 BECOME A DEBTOR UNDER 11 U.S.C. CH. 9 OR ANY OTHER FEDERAL

Case 1:11-bk-06938-MDF    Doc 70    Filed 10/28/11    Entered 10/28/11 10:59:50    Desc
                         Main Document    Page 13 of 14

```
 1  BANKRUPTCY LAW.
 2      (C)  PENALTY.--IF A CITY SUBJECT TO THIS SECTION FAILS TO
 3  COMPLY WITH SUBSECTION (B), ALL COMMONWEALTH FUNDING TO THE CITY
 4  SHALL BE SUSPENDED.
 5      (D)  EXPIRATION.--THIS SECTION SHALL EXPIRE JULY 1, 2012.
 6      SECTION 1.6.  ARTICLE XVI-F HEADING OF THE ACT, ADDED JULY 6,
 7  2010 (P.L.279, NO.46), IS AMENDED TO READ:
 8                            ARTICLE XVI-F
 9                            [(RESERVED)]
10                  KEYSTONE SPECIAL DEVELOPMENT ZONE
11      SECTION 1.7.  THE ACT IS AMENDED BY ADDING SECTIONS TO READ:
12  SECTION 1601-F.  SCOPE OF ARTICLE.
13      THIS ARTICLE RELATES TO THE KEYSTONE SPECIAL DEVELOPMENT ZONE
14  PROGRAM.
15  SECTION 1602-F.  DEFINITIONS.
16      THE FOLLOWING WORDS AND PHRASES WHEN USED IN THIS ARTICLE
17  SHALL HAVE THE MEANINGS GIVEN TO THEM IN THIS SECTION UNLESS THE
18  CONTEXT CLEARLY INDICATES OTHERWISE:
19      "AFFILIATE."  AS FOLLOWS:
20          (1)  AN ENTITY WHICH IS PART OF THE SAME "AFFILIATED
21      GROUP," AS DEFINED IN SECTION 1504(A) OF THE INTERNAL REVENUE
22      CODE OF 1986 (PUBLIC LAW 99-514, 26 U.S.C. § 1504(A)), AS A
23      KEYSTONE SPECIAL DEVELOPMENT ZONE EMPLOYER; OR
24          (2)  AN ENTITY THAT WOULD BE PART OF THE SAME "AFFILIATED
25      GROUP" EXCEPT THAT THE ENTITY OR THE KEYSTONE SPECIAL
26      DEVELOPMENT EMPLOYER IS NOT A CORPORATION.
27      "DEPARTMENT."  THE DEPARTMENT OF COMMUNITY AND ECONOMIC
28  DEVELOPMENT OF THE COMMONWEALTH.
29      "EMPLOYEE."  AN INDIVIDUAL WHO:
30          (1)  IS EMPLOYED IN THIS COMMONWEALTH BY A KEYSTONE
```