IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 9 |
| CITY OF HARRISBURG, PA | Case No. 11-06938 |
| Debtor. | |

**BRIEF IN SUUPPORT OF THE FRATERNAL ORDER OF POLICE,
CAPITAL CITY LODGE NO. 12'S OBJECTIONS TO PETITION OF
CERTAIN HARRISBURG CITY COUNCIL MEMBERS**

Pursuant to section 921(c) of Title 11 of the United States Code ("Bankruptcy Code"), the Fraternal Order of Police, Capital City Lodge No. 12 ("FOP Lodge 12") hereby files this brief in support of its objections to the Chapter 9 Petition ("Petition") filed on October 21, 2011 on behalf of certain individual members of the Harrisburg City Council ("City Council").

**I.      RELEVANT FACTS AND PROCEDURAL HISTORY**

The Petition filed by certain members of City Council risks threatening the economic well being of the City of Harrisburg's most crucial public servants--the approximately one hundred and forty (140) Police Officers who perform critically important public safety services necessary to maintain safe living and working conditions for Harrisburg's citizens. The Officers routinely risk their lives, their own personal safety, and their families' livelihoods in order to protect the citizens and businesses of Pennsylvania's capital city ("City"). The terms and conditions of their employment are set down in a collective bargaining agreement, which outlines their wages and other benefits. If the Petition is allowed to proceed, their livelihoods may be at risk.

The filing of the Petition is the latest attempt to resolve the serious financial woes of the City which have existed for years. Recognizing its fiscal difficulties, on December 15, 2010, the

1

Case 1:11-bk-06938-MDF    Doc 79    Filed 10/28/11    Entered 10/28/11 14:12:01    Desc
Main Document      Page 1 of 8

Secretary of Pennsylvania's Department of Community and Economic Development ("DCED") issued a declaration that the City was fiscally distressed under the Municipalities Financial Recovery Act, the Act of July 10, 1987, P.L. 246, No. 47 (as amended 53 P.S. §§ 11701.101-11701.501) ("Act 47"). Act 47 was intended to help stabilize the finances of distressed municipalities through a combination of extensive technical assistance and grant and loan provisions, with the goal to restore fiscal stability and adequately provide for the health, safety and welfare of residents.

The primary vehicle for implementation of structural reforms permitted by Act 47 is the development and implementation of a Recovery Plan ("Recovery Plan"), which is to be drafted by an Act 47 Plan Coordinator and ultimately subject to revision and approval by the distressed municipality via the enactment of a local ordinance. Act 47 also grants certain distressed municipalities the authority to file bankruptcy petitions under Chapter 9. Absent this express grant of authority by the Commonwealth, municipalities would not be permitted to take any action under Chapter 9.

On June 30, 2011, the Pennsylvania General Assembly passed, and the Governor signed, Act 26 of 2011, 72 P.S. § 1601-D.1 (2011) ("Act 26"), which amended the Act of April 9, 1929 (P.L. 343, No. 176) (the "Fiscal Code") to limit the scope of distressed municipalities permitted to file bankruptcy petitions under Chapter 9. Act 26 states in relevant part as follows:

> Financially Distressed Municipalities
>
> (a) SCOPE OF ARTICLE.-- This section applies to a city of the third class which is determined to be financially distressed under section 203 of the act of July 10, 1987 (P.L. 246, No. 47), known as the Municipalities Financial Recovery Act.
>
> (b) LIMITATION ON BANKRUPTCY.-- Notwithstanding any other provision of law, including section 261 of the Municipalities Financial Recovery Act [Act 47], no distressed city may file a petition for relief

2

Case 1:11-bk-06938-MDF    Doc 79    Filed 10/28/11    Entered 10/28/11 14:12:01    Desc
Main Document      Page 2 of 8

> under 11 U.S.C. Ch. 9 (relating to adjustment of debts of a municipality) or any other Federal bankruptcy law, and no government agency may authorize the distressed city to become a debtor under 11 U.S.C. Ch. 9 or any other Federal bankruptcy law.
>
> (c) PENALTY.-- If a city subject to this section fails to comply with subsection (b), all Commonwealth funding to the city shall be suspended.
>
> (d) EXPIRATION.-- This section shall expire July 1, 2012.

72 P.S. § 1601-D.1 (2011). [1]

In January 2011, the Secretary of DCED appointed an Act 47 Plan Coordinator for the City. In June 2011, the Plan Coordinator released its proposed Recovery Plan for the City for public comment and consideration by the municipality. The Plan Coordinator's Recovery Plan was rejected by City Council in July 2011. The members of City Council who voted to reject the Recovery Plan are the same four City Council members who have filed the instant Petition. A subsequent, revised Recovery Plan created by the Honorable Linda D. Thompson, the Mayor of the City ("Mayor") was also rejected by the City Council in September 2011. The members of City Council who voted to reject the Recovery Plan are the four City Council members who have filed the instant Petition.

On October 11, 2011, the four City Council members who voted to reject the various Recovery Plans, voted in support of a resolution to file a bankruptcy petition under Chapter 9 of the United States Bankruptcy Code on behalf of the City, and to use outside counsel as opposed to the City Solicitor. Shortly thereafter, on the same day, counsel for the four City Council members filed a petition under Chapter 9 of the Bankruptcy Code ("Petition") in the United States Bankruptcy Court of the Middle District of Pennsylvania. The Petition, which was signed

---

1. At the time of the passage of Act 26, there were nine distressed Third Class Cities, including Harrisburg. The other cities are: Aliquippa, Chester, Duquesne, Farrell, Franklin, Johnstown, New Castle, and Reading.

3

by one of the four City Council members, names the City as the Debtor. The Mayor neither authorized nor agreed to the filing of a bankruptcy petition or the hiring of outside counsel by the four City Council members.

On October 14, 2011, the Commonwealth of Pennsylvania ("Commonwealth") filed an objection to the Petition. The Commonwealth argued that the four City Council members lacked the necessary state statutory authorization to file the Petition as required by Chapter 9 of the Bankruptcy Code, because the City was expressly forbidden to file a Chapter 9 petition by virtue of Act 26 of 2011. On October 16, 2011, the Mayor, acting in her executive capacity on behalf of the City, filed an objection to the Petition. The Mayor argued that the authority to initiate a bankruptcy action rests with Mayor, not Council or certain of its members, since such action constitutes an executive action and the City's structure of government places all executive power in the hands of the Mayor. On October 19, 2011, this Court issued an Order setting a deadline of October 28, 2011 for the filing of objections to the instant petition. Pursuant to this Order, the FOP Lodge 12 files this Objection and a supporting brief.

## II. ARGUMENT

### A. The City of Harrisburg Lacks Authority to File a Petition for Bankruptcy

The Bankruptcy Code limits eligibility to file a petition only to parties that meet certain eligibility criteria. The burden of proving eligibility to file under section 109(c) of the Bankruptcy Code is on the party filing the petition. *See Suntrust Bank v. Alleghany-Highlands Econ. Dev. Auth. (In re Alleghany-Highlands Econ. Dev. Auth.)*, 270 B.R. 647, 649 (Bankr. W.D. Va. 2001). Section 921(c) of the Bankruptcy Code states that "[a]fter any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file

4

the petition in good faith or if the petition does not meet the requirements of this title." 11 U.S.C. § 921(c).

Chapter 9 of the Bankruptcy Code allows a municipal government to file for bankruptcy only where it meets specified eligibility criteria. 11 U.S.C. § 109(c). Relevant here is the Code's requirement that the municipality be "specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter." 11 U.S.C. § 109(c)(2). Approximately half of the states in the Unites States do not authorize their municipal governments to file Chapter 9 bankruptcy petitions under any circumstances. However, the Commonwealth has provided statutory authorization for certain municipalities to file for bankruptcy, but only under very limited circumstances.

Section 261 of Act 47 lists five potential circumstances under which a municipality would be allowed to file for bankruptcy. One of the circumstances allowing a municipality to file for bankruptcy is if "[a] majority of the current or immediately preceding governing body of a municipality determined to be financially distressed has failed to adopt a plan or to carry out the recommendations of the coordinator pursuant to this act." 53 P.S. § 11071.261(a)(5). Absent this express but limited grant of statutory authority by the Commonwealth, no municipality in Pennsylvania would be permitted to file for bankruptcy.

In June 2011, in a proper exercise of its authority, the Commonwealth further limited the circumstances in which a municipality may file for bankruptcy. In clear and unambiguous language, Act 26 of 2011 bars Third Class Cities who have been declared fiscally distressed under Act 47 from filing for bankruptcy through June 30, 2012. 72 P.S. § 1601-D.1(b) (2011); *see* FOP Lodge 12's Objections, ¶ 11 *infra*. Despite this very clear prohibition, on October 11,

5

2011, the four Council Members filed the instant Petition in derogation of the express language of Act 26.

On October 20, 2011, the Commonwealth again further limited the circumstances in which a municipality may file for bankruptcy by the enactment of Act 79 of 2011, S. 1151, 2011 Sess. (Pa. 2011) ("Act 79"). (A copy of Act 79 is attached to the FOP Lodge 12's Objection as Exhibit A.) Act 79 amends Act 47 to limit bankruptcy petitions filed on or after July 1, 2012, which is the date that the Act 26 wholesale bar against filing a bankruptcy petition expires. Pursuant to Act 79, bankruptcy petitions on behalf of distressed Third Class Cities may only be filed by a receiver appointed by the Commonwealth, and then only after express approval by the Secretary of DCED. Act 79 does not permit the Mayor or City Council of a distressed Third Class City to file such a petition.

Therefore, on two separate occasions in 2011 and in very clear terms, the Commonwealth has expressly withheld legislative authorization for distressed Third Class Cities to file for bankruptcy. Because the Commonwealth has expressly withheld authorization for the City to file a Chapter 9 bankruptcy petition, the four City Council members lacked legislative authority to file a bankruptcy petition in the manner required by Chapter 9, and their erroneously filed Petition must be dismissed.

**B.** **The Four City Council Members Lack Authority to File a Bankruptcy Petition**

The City operates under Plan A of the Optional Third Class City Charter Law. 53 P.S. § 41411. This statute designates the powers held by the Mayor and City Council, and clearly reserves full executive power and authority to the Mayor -- "[T]he executive power of the city shall be exercised by the Mayor." *Id.* The "executive power" vested in the Mayor of a Third Class City under the Plan A form of government includes the power to "enforce the charter and

6

Case 1:11-bk-06938-MDF    Doc 79    Filed 10/28/11    Entered 10/28/11 14:12:01    Desc
Main Document      Page 6 of 8

ordinances of the city and *all general laws applicable thereto*." 53 P.S. § 41412 *(emphasis added)*.

As applied to the City, the Pennsylvania Supreme Court has specifically acknowledged that the Mayor wields the significant executive power contemplated under the Plan A form of government. *Reed v. Harrisburg City Council*, 995 A.2d 1137, 1142 (2010) ("Plan A further vests 'executive power of the city' in the mayor. . . Plan A thus establishes the mayor [of Harrisburg] as a governing municipal officer and vests the city's executive power in him.") (citations omitted). The Commonwealth Court of Pennsylvania has found that the executive power of a Plan A form of government vests in the Mayor alone the power to initiate lawsuits on behalf of the city he or she serves. *City of Erie v. Dept. of Environmental Protection*, 844 A.2d 586, 591 (Pa. Cmwlth. 2004) ("[O]nly the Mayor can authorize legal action on behalf of the City and only the City Solicitor can initiate that action.") ("*City of Erie*").

*City of Erie* concerned a very similar dispute over the power of a Plan A Third Class City council to initiate a legal action using special legal counsel. The Court flatly rejected such action as an inappropriate usurpation of the mayor's statutory power as executive, and held that only the mayor (through the city solicitor) could initiate legal action on the City's behalf. *Id.* at 590-91 ("[I]t is clear that under the 'Mayor-Council Plan A' form of government, the executive power is vested solely in the Mayor, *and the power to bring and commence lawsuits is vested solely in the City Solicitor*.") *(emphasis added)*.

Here, there is no dispute that the instant Petition is a legal action filed by four individual members of City Council using their private attorney. The Mayor did not authorize the filing of the Petition – *to the contrary, the Mayor filed an objection to the Petition on behalf of the City* -- nor was the action initiated by the City Solicitor. Thus, as in *City of Erie*, the Council Members

7

lacked authority to initiate the instant bankruptcy action on behalf of the City, or to utilize private counsel to do so.

Because the four City Council members lack authority under the Optional Third Class City Charter Law to approve or proceed with the filing of a bankruptcy petition, the Petition is invalid on its face and should be dismissed.

### III. CONCLUSION

The Petition filed by the four City Council members is a legal nullity as it lacks the necessary statutory authority to make it an appropriate filing. First, the City of Harrisburg lacks the statutory authority to file a bankruptcy petition because the Fiscal Code and Act 47, as recently amended, bar the governing bode of a distressed Third Class City from taking such action. Second, the four City Council members lack the authority to initiate and file a bankruptcy petition because the Optional Third Class City Charter Law vests sole executive authority, including the power to authorize and file a lawsuit, in the hands of the Mayor, not the elected legislative body of the municipality. For these reasons, this Court should dismiss the Petition.

Date:   October 28, 2011               WILLIG, WILLIAMS & DAVIDSON

                                       By: /s/ John R. Bielski
                                       John R. Bielski, Esquire
                                       WILLIG, WILLIAMS & DAVIDSON
                                       1845 Walnut Street, 24th Floor
                                       Philadelphia, PA  19103
                                       (215) 656-3600 (telephone)
                                       (215) 561-5135 (fax)

                                       Attorney for FOP Lodge No. 12