UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: : CHAPTER 9
:
CITY OF HARRISBURG, : Bky. No. 11-06938 MDF
:
Proposed Debtor. :

## BRIEF IN SUPPORT OF OBJECTION OF TD BANK, NATIONAL ASSOCIATION, MANUFACTURERS AND TRADERS TRUST COMPANY AND ASSURED GUARANTY MUNICIPAL CORP. TO CHAPTER 9 PETITION

TD Bank, National Association ("TD"), Manufacturers and Traders Trust Company ("M&T") and Assured Guaranty Municipal Corp. ("Assured") submit this brief in support of their objection to the proposed debtor's bankruptcy petition (the "Petition"). In accordance with the Court's Order dated October 19, 2011, this brief is limited to two issues: (i) whether the City of Harrisburg (the "City") is authorized by the law of the Commonwealth of Pennsylvania to file a chapter 9 bankruptcy petition, as is required by 11 U.S.C. § 109(c)(2); and (ii) whether the Petition (which was signed by a member of City Council rather than the Mayor) was filed in accordance with the Optional Third Class City Charter Law, 53 P.S. § 41101, *et seq.*, and established common law of the Commonwealth of Pennsylvania. Pursuant to the Court's October 19, 2011 Order, all other issues are reserved.

## PRELIMINARY STATEMENT

In order to be eligible to file a chapter 9 bankruptcy petition, a municipality such as the City is required, among other things, to be "specifically authorized" to be a debtor under chapter 9 by applicable state law. 11 U.S.C. § 109(c)(2). The City asserts, in the Statement of Qualifications Under Section 109(c) appended to and filed in support of its Petition (the "Statement of Qualifications"), that it is specifically authorized to file this chapter 9 case by Section 261 of Pennsylvania's Financially Distressed Municipalities Act, 53 P.S. § 11701.261

("Act 47"). This assertion is incorrect. As described below, legislation enacted by the Commonwealth of Pennsylvania on June 30, 2011, 71 P.S. § 1601-D.1 ("Act 26"), expressly prohibits cities of the third class that have been declared to be "distressed" under Act 47, such as the City, from filing for chapter 9, notwithstanding anything to the contrary contained in Act 47. Accordingly, far from being "specifically authorized" to file for chapter 9, the City is *specifically prohibited* from filing for bankruptcy.

Even if one were to disregard the effect of Act 26 and its express prohibition on the City's filing for bankruptcy, the City *still* would not be authorized to file for bankruptcy under Section 109(c)(2) because it has not filed its Petition in accordance with the state law the Petition contends authorizes its filing, which permits distressed municipalities to file chapter 9 only after, among other things, the proper enactment of an *ordinance*, rather than through a *resolution*.

Separately, the Petition was filed in violation of the Optional Third Class City Charter Law, 53 P.S. § 41101 *et seq.* (the "Third Class Charter Law"), and therefore is an invalid act, because it was signed by a member of City Council rather than by The Honorable Linda D. Thompson (the "Mayor"), who is the representative of the City vested with executive power.

For these reasons, TD Bank, M&T and Assured object to the Petition and respectfully submit that it should be dismissed pursuant to Section 921(c) of the Bankruptcy Code.

## THE PARTIES

The City is a municipal corporation of the Commonwealth of Pennsylvania and is a "local government unit" under the provisions of the Local Government Unit Debt Act, 53 Pa. C.S.A. § 8001 *et seq.* The City is a city of the third class of the Commonwealth, exists under the provisions of the Third Class City Code, 53 P.S. § 35101, *et seq.*, and operates pursuant to the

Optional Third Class City Charter Law, 53 P.S. § 41101 *et. seq.* See Statement of Qualifications, at p. 2.

TD, M&T and Assured are creditors of the City by virtue of, *inter alia*, their litigation pending against the City, styled as TD Bank, Nat'l Ass'n *et al.* v. Harrisburg Authority *et al.*, No. 2010 CV 11737 CV (Ct. Common Pleas, Dauphin County). As creditors, TD, M&T and Assured are parties-in-interest in these proceedings by virtue of Section 1109(b) of the Bankruptcy Code, as made applicable herein by Section 901(a). See 11 U.S.C. §§ 901(a) and 1109(b).

## ARGUMENT

TD, M&T and Assured respectfully submit that the Petition should be dismissed for two reasons. First, the City cannot satisfy the "specific authorization" standard set forth in section 109(c)(2) of the Bankruptcy Code, because it is specifically prohibited from filing for bankruptcy by Act 26; indeed, even if one disregards Act 26, the City *still* would not be authorized to file for bankruptcy because it has not filed its Petition in accordance with state law. Second, the Petition should be dismissed because it was an invalid action of City Council, taken in violation of the Third Class Charter Law.

I. **The Filing of the Petition Was Not Authorized by State Law**

    A. <u>General Legal Standards – Section 109(c)(2)</u>.

Section 109(c)(2) of the Bankruptcy Code provides in relevant part that:

> [a]n entity may be a debtor under chapter 9 of this title if and only if such entity . . . <u>is specifically authorized</u>, in its capacity as a municipality or by name, to be a debtor under such chapter by State law or by a government officer or organization empowered by State law to authorize such entity to be a debtor under such chapter.

-3-

Case 1:11-bk-06938-MDF    Doc 82    Filed 10/28/11    Entered 10/28/11 15:21:11    Desc
Main Document    Page 3 of 9

11 U.S.C. §§ 109(c) & 109(c)(2) (emphasis added). The specific authorization requirement highlighted above is a product of the Tenth Amendment – which provides in relevant part that the "powers not delegated to the United States . . . are reserved to the States" – and fundamental principles of state law, which permit a municipality to have only those powers granted by the state. See United Bldg. & Constr. Trades Council of Camden Cnty. & Vicinity v. Mayor & Council of City of Camden, 465 U.S. 208, 215 (1984); see also In re City of Bridgeport, 128 B.R. 688, 695 (Bankr. D. Conn. 1991). Taken together, these tenets permit a municipality to file for bankruptcy only if permitted by applicable state law – the result mandated by section 109(c)(2) of the Bankruptcy Code. See In re City of Vallejo, CA, 432 B.R. 262, 267-68 (E.D. Ca. 2010) (states "act as gatekeepers to their municipalities' access to Chapter 9").

A chapter 9 debtor bears the burden of proof to establish that it is eligible to be a chapter 9 debtor, and courts must dismiss petitions that fail to meet the eligibility requirements of section 109(c). Int'l Ass'n. of Firefighters, Local 1186, v. City of Vallejo (In re City of Vallejo), 408 B.R. 280, 289 (9th Cir. 2009); In re Slocum Lake Drainage Dist. of Lake Cnty., 336 B.R. 387, 390 (Bankr. N.D. Ill. 2006). Courts that have considered the "specific authorization" requirement of section 109(c)(2) have concluded that the specific authorization standard is satisfied when the authorization is "exact, plain, and direct with well-defined limits so that nothing is left to inference or implication." In re New York City Off-Track Betting Corp., 427 B.R. 256, 267 (Bankr. S.D.N.Y. 2010) (citing In re Timberon Water & Sanitation Dist., No. 9-07-12142 ML, 2008 WL 5170581, at *2 (Bankr. D.N.M. June 18, 2008)). See also In re Slocum Lake Drainage Dist., 336 B.R. at 390 (same); In re Alleghany-Highlands Econ. Dev. Auth., 270 B.R. 647, 649 (Bankr. W.D. Va. 2001) (same); In re Cnty. of Orange, 183 B.R. 594, 604 (Bankr. C.D. Ca. 1995) (same).

### B. The City is Specifically Prohibited from Filing Bankruptcy

Considered against these legal standards, it is clear that the City was not specifically authorized to file the Petition. In the Statement filed in support of its Petition, the Debtor asserts that it is authorized to file the Petition pursuant to section 261 of Act 47. 53 P.S. §11701.261. This assertion is patently incorrect. As noted above, in June 2011, the General Assembly enacted Act 26. Act 26 applies to cities of the third class which have been declared as financially distressed under Act 47 and states in relevant part as follows:

> Notwithstanding any other provision of law, including section 261 of the Municipalities Financial Recovery Act, no distressed city may file a petition for relief under 11 U.S.C. Ch. 9 (relating to adjustment of debts of a municipality) or any other Federal bankruptcy law, and no government agency may authorize the distressed city to become a debtor under 11 U.S.C. Ch. 9 or any other federal bankruptcy law.

72 P.S. § 1601-D.1(b) (emphasis added) ("Act 26"). A true and correct copy of Act 26 is attached hereto as Exhibit "A".[1]

The City was determined to be "financially distressed" under Act 47 on December 15, 2010. See Statement of Qualification, at 1 (acknowledging City's financially distressed status). Accordingly, it has been *specifically prohibited* from filing for bankruptcy. The City therefore has not satisfied, and cannot satisfy, the requirement of section 109(c)(2) of the Bankruptcy Code that it be "specifically authorized" to file for bankruptcy. For this reason, the Petition should be dismissed.

---

[1] Act 26 prohibits the filing of bankruptcy until July 1, 2012. See Act 26, at § 1601-D.1(d) ("This section shall expire July 1, 2012"). The General Assembly recently passed and Governor Corbett signed into law the Act of October 17, 2011 (SB 1151), which amends Act 47 to restrict, after July 1, 2012, the authority to file a petition under Chapter 9 to a receiver of a distressed third-class municipality appointed by the courts under the Act, but only after receiving written approval from the Secretary of the Department of Community and Economic Development. Act of October 17, 2011, at §§ 609(b), 706(a)(9).

-5-

Case 1:11-bk-06938-MDF    Doc 82    Filed 10/28/11    Entered 10/28/11 15:21:11    Desc
Main Document    Page 5 of 9

C.  **Apart from Act 26, the City Was Not Authorized by State Law to File the Petition Because it Did Not Comply with Act 47**

Even if one were to disregard the impact and effect of Act 26 and, specifically, its express prohibition on the City's filing for bankruptcy, the City still would not satisfy the specific authorization requirements of Section 109(c)(2) because it did not file its Petition in accordance with applicable state law. Section 261 of Act 47, cited by the City as the alleged authority for the filing of the Petition, Statement of Qualifications, at p. 3, imposes conditions that must be satisfied before a distressed municipality has authority to file a chapter 9 petition. Among these conditions is a requirement that the authority to file a Chapter 9 petition may be "exercised only upon the vote by a majority of the municipality's governing body." 53 P.S. § 11701.261(b).

Although Act 47 defines "governing body" as City Council, 53 P.S. §11701.103, well-established law in Pennsylvania provides that an *ordinance* is the proper form for city legislation, as opposed to a *resolution*, which is the sole form of internal authorization provided in support of the Petition. Shaub v. City of Lancaster, 156 Pa. 362, 366, 26 A. 1067, 1068 (Pa. 1893). As the Pennsylvania Supreme Court has stated:

> [T]here is a well-marked distinction between acts that are legislative, and that lay down a rule of action for the citizen or the city, and acts that relate to the daily administration of municipal affairs. The latter may well be described as 'business' to be transacted by councils, and may be properly left to them to dispose of by 'order or resolution'.

Id. Accord Commw. ex rel. Tarner v. Bitner, 294 Pa. 549, 555, 144 A. 733, 735 (Pa. 1929) ("A resolution or order... is an informal enactment of a temporary nature... It is not a law... As such it is not an original exercise of government duty.") "[O]rdinances are the most solemn act of a third class city" and acts that affect the rights of the citizenry should not be effected by a legislative process "so loose and informal as a resolution." City of Farrell v. Altoona CATV Corp., 419 Pa. 391, 392-93, 214 A.2d 231, 232 (Pa. 1965). The ordinances of the City reflect

these long accepted and basic distinctions. An ordinance is "a law of the City duly enacted by the City Council which prescribes general, uniform and permanent rules of conduct relating to the corporate affairs of the City or prohibiting certain conduct." Harrisburg Codified Ordinance, 1-302 (Ord 9-1996). A resolution, in contrast, is "an expression of opinion of the Council [which] does not have the force and effect of law..." Harrisburg Codified Ordinance, 1-301.3(10) (Ord. 80-1960).

Viewed in this context, and given the principle of statutory construction that statutes *in pari materia* are to construed together, 1 Pa. C.S. § 1932[2], the most appropriate reading of the Act 47 requirement that the authority to file a chapter 9 bankruptcy "be exercised only upon the vote by a majority of the municipality's governing body" is not to negate the City's legislative process. The most logical approach is to conclude, instead, that the "majority vote" provision of Section 261(b) *precludes a mayor from authorizing a bankruptcy filing unilaterally.* City council action is required as well, through the enactment of an ordinance, which is the typical legislative process, rather than through passage of a resolution.[3] The typical legislative process requires that an ordinance adopted by City Council must be submitted to the mayor for approval, and contains override provisions when applicable. 53 P.S. § 41413(a).

---

[2] This statute provides as follows:

    (a)    Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.

    (b)    Statutes in pari materia shall be construed together, if possible, as one statute.

1 P.S. § 1932.

[3] The Resolution attached to the Petition purports to have been signed via an "/s/" notation on its signature line. The official record of the City, to which this Court can take judicial notice, shows that the Resolution was never executed by Council. A true and correct copy of the Resolution is attached as Exhibit "B" hereto.

Accordingly, even if one were to disregard the effect of Act 26 and its express prohibition on the City's filing for bankruptcy, the City still did not satisfy the specific authorization requirements of Section 109(c)(2) because it did not file its Petition in accordance with applicable state law.

## II. The Petition was Filed in Violation of the Third Class Charter Law and is Invalid

The Petition was signed by a member of City Council, rather than by the Mayor. As a result, it was filed in violation of the Third Class Charter Law, which makes the Mayor – and not the City Council or any member thereof – the representative of the City vested with executive power. See 53 P.S. § 41411 ("[t]he executive power of the city shall be exercised by the mayor"). See also 53 P.S. §§ 41407-41410 (setting forth role and authority of city council). This issue already has been addressed by the Mayor, and TD, M&T and Assured hereby incorporate by reference the citations and arguments set forth in the City of Harrisburg's Objection to, and Motion to Vacate or Modify, Order (Dkt. No. 14) (Doc. No. 27), filed by the Mayor on October 16, 2011. For the reasons set forth in the Mayor's Objection, the filing of the Petition was invalid, and the Petition should be dismissed.

## CONCLUSION

For the reasons set forth above, TD, M&T and Assured respectfully request that the City's bankruptcy case be dismissed.

Respectfully submitted,

Dated: October 28, 2011

/s/ Adam H. Isenberg
Paul M. Hummer
Adam H. Isenberg
Eric L. Brossman
James S. Gkonos
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7777

*Attorneys for Assured Guaranty Municipal Corp.*

Dated: October 28, 2011

/s/ Vincent J. Marriott, III
Martin C. Bryce, Jr.
Vincent J. Marriott, III (Pro Hac Vice Motion filed)
Matthew A. White (Pro Hac Vice Motion filed)
Matthew G. Summers (Pro Hac Vice Motion filed)
BALLARD SPAHR, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

*Counsel for TD Bank, National Association, as Indenture Trustee for the 2003 Indenture and Retrofit Indenture and as Statutory Trustee, and Manufacturers and Traders Trust Corp as Indenture Trustee for the 2002 Indenture and as Statutory Trustee*