# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | )    Bankruptcy No. 11-6938 (MDF) |
| THE CITY OF HARRISBURG, PA, | ) |
| | )    Chapter 9 |
| Debtor. | ) |
| | )    Related to Doc. Nos. 1 and 42 |

## BRIEF IN SUPPORT OF THE OBJECTION OF THE CITY OF HARRISBURG THROUGH ITS MAYOR TO THE CHAPTER 9 PETITION FILED BY CITY COUNCIL

The City of Harrisburg ("City"), through its Mayor, the Honorable Linda D. Thompson, by and through its counsel, Tucker Arensberg, P.C., hereby files this Brief in Support of its Objection To the Chapter 9 Petition (Document 1) pursuant to the Court's Order entered on October 19, 2011, at Document Number 42. Simultaneously with the filing of the Objection and this Brief, the City has filed the Affidavit of the City's Acting Solicitor, Jason Hess, Esquire, which contains the following Exhibits:

    a.      Exhibit "1" - Memorandum by Jason Hess of September 28, 2011, to the City Council;

    b.      Exhibit "2" - Letter dated October 11, 2011, from Mark D. Schwartz, Esquire, to Council Person Susan Wilson;

    c.      Exhibit "3" - City Council's Resolution of October 11, 2011, upon which Petitioners rely to file the Chapter 9 Bankruptcy Petition ("Petition") (Document 1);

    d.      Exhibit "4" - The pertinent portions of the Harrisburg Code; and

    e.      Exhibit "5" - City Council's Resolution 31-2010, "Rules of Council".

Based upon the law and the facts set forth herein, it is the position of the City and the Mayor that the Chapter 9 Petition must be dismissed without consideration of any other objection filed by any other party to the Petition.

## I.     PROCEDURAL HISTORY OF THE CASE

On October 11, 2011, four members of the City Council of Harrisburg ("City Council") purported to authorize the filing of a Voluntary Petition for relief under Chapter 9 of the United States Bankruptcy Code on behalf of the City through the approval of a Resolution (Hess Aff., Ex. 3).

On October 13, 2011, the Honorable Linda D. Thompson, Mayor of the City, filed an Emergency Motion to Request a Status Conference Pursuant to 11 U.S.C. § 105(d)(1) (Document 12), seeking to establish an expedited schedule to present only those objections to the filing of the Petition that presented legal issues, which could be addressed prior to the fact intensive objections that may also be asserted. On October 14, 2011, this Court entered an Order scheduling the Status Conference for October 17, 2011.

As a result of the Status Conference on October 17, 2011, this Court entered a Scheduling Order (Document Number 42) setting deadlines for filing the limited objections, the appropriate responses and replies, if any, and providing for a hearing on the objections to be held on November 23, 2011.[1]

## II.     STANDARD

The authority to file a bankruptcy petition must derive from state law.  Price v. Gurney, 324 U.S. 100, 106-7, 65 S.Ct. 513, 89 L.Ed. 776 (1945); Keenihan v. Heritage Press, Inc., 19

---

[1] As provided for in the Court's Order at Document Number 42, the City has been furnished a reservation of rights to make further objections to the propriety of the Petition under 11 U.S.C. §§ 109(c)(1), (3), (4), and (5), if necessary or appropriate.

2

F.3d 1255, 1258 (8th Cir. 1994); <u>In re American Globus Corp.</u>, 195 B.R. 263 (Bankr. S.D.N.Y. 1996). Those purporting to act on behalf of an entity in regard to a bankruptcy petition must demonstrate to the bankruptcy court their authority to do so. <u>Price</u>, <u>supra</u>.

To be eligible for relief under Chapter 9 of the Bankruptcy Code, an entity must be a municipality which, among other things, "is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter…" 11 U.S.C. §109(c)(2).

City Council and Mark D. Schwartz ("Schwartz") bear the burden of proving eligibility for this chapter 9 proceeding because the petitioner bears the burden of demonstrating that it has met all of the requirments of Section 109(c). <u>In re New York City Off-Track Betting Corp.</u>, 427 B.R. 256, 264 (Bankr. S.D.N.Y. 2010), citing <u>In re Valley Health Sys.</u>, 383 B.R. 156, 161 (Bankr. C.D. Cal. 2008). <u>Also</u> <u>see</u>, <u>In re County of Orange</u>, 183 B.R. 594, 599 (Bankr. C.D. Cal. 1995) (<u>citing</u> <u>In re City of Bridgeport</u>, 129 B.R. 332, 339 (Bankr. D. Conn. 1991), and <u>In re Alleghany-Highlands Econ. Dev. Auth.</u>, 270 B.R. 647, 649 (Bankr. W.D. Va. 2001) (The burden of proving eligibility to file under section 109(c) is on the party filing the petition).

As expressed in <u>In re New York City Off-Track Betting</u>, "bankruptcy courts scrutinize petitions for relief under chapter 9." <u>Id.</u>, <u>supra</u>, 427 B.R. at 264-265, citing cases.

To qualify for Chapter 9 protection, the debtor must affirmatively establish it meets each of the requirements of 11 U.S.C. § 109(c). <u>See, In re Sullivan County Reg'l Refuse Disposal Dist.</u>, 165 B.R. 60, 72-73 (Bankr. D.N.H. 1994). Where the petitioner fails to satisfy any of the requirements under Section 109(c) the Court must dismiss the Petition. <u>In re Boise County</u>, 2011

3

Bankr. LEXIS 3346 (Bankr. D. Idaho Sept. 2, 2011), citing Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo), 408 B.R. 280, 289 (9th Cir. BAP 2009).

### III.   STATEMENT OF FACTS

In 2010, the Mayor of Harrisburg asked the Commonwealth of Pennsylvania's Secretary of the Department of Community and Economic Development ("DCED") to designate the City as financially distressed under the Municipalities Financial Recovery Act, 53 P.S. 11701.101 et seq. ("Act 47"). In October 2010, the Secretary deemed the City financially distressed. As a result of this determination, in January 2011 the DCED Secretary appointed an Act 47 Coordinator to develop a financial recovery Plan for the City. As authorized under Act 47, the Mayor herself proposed two Recovery Plans to address the City's fiscal difficulties.[2] All of these Plans were rejected by the City Council.

At a City Council meeting on September 27, 2011, City Council approved a resolution appointing Schwartz as their attorney without having submitted that resolution to the City Solicitor's office for form and legality prior to the vote. (Hess Affidavit, ¶ 6) No engagement letter regarding Schwartz was presented to or reviewed by the City Solicitor. (Id. at ¶ 7)

The day following that meeting, on September 28, 2011, the City Solicitor sent a Memorandum to City Council, stating that City Council's actions the previous evening were a violation of the Harrisburg Code and invalid. (Id. at ¶ 8, Ex. 1) The Memorandum advised that if the City Council desired to properly retain an attorney, that it should send an engagement letter to the City Solicitor to review along with the resolution appointing him, so that it could be reviewed in time for the next meeting. (Id. at ¶ 9, Ex. 1)

4

City Council declined to follow this advice; but rather, at the meeting on October 11, 2011, City Council brought two resolutions from the floor: the first resolution approved an engagement letter with Schwartz, even though the City Solicitor had never reviewed the engagement agreement; and the second resolution approved Schwartz to file a bankruptcy proceeding on behalf of the City.  (Id. at ¶ 10, Ex. 1; Ex. 2)

City Council was again warned at the October 11, 2011 meeting that it could not approve such resolutions without the City Solicitor's prior review or it would be in violation of City Code, and that passage of those resolutions would have no force and effect.  (Id. at ¶ 11)

During the late evening of October 11, 2011, Schwartz filed the Petition.  (Document 1)

## IV.   STATEMENT OF THE QUESTIONS INVOLVED

**Whether, due to the violations of the applicable law by the City Council, authority was lacking to file the Petition?**

**This must be answered in the affirmative.**

## V.   ARGUMENT

A.   **Harrisburg's System of Governance**

Harrisburg is a Third Class City that has adopted the Mayor Council Plan A (also referred to as "Strong Mayor-Council" form of government, See City of Erie v. Cappabianca, 879 A.2d 823, 829 (Pa.Cmwlth. 2004)), under the Optional Charter Provisions of the Optional Third Class City Charter Law ("Plan A"), 53 P.S. §§ 41401-41421.[3]

As a Third Class City that has adopted Plan A, the Mayor is the governing municipal officer and the City's executive power is vested solely in the Mayor, 53 P.S. § 41411; The

---

[2] The Act 47 Coordinator filed her Plan with the City Clerk in June of 2011 while the Mayor's Plans were both filed in August of 2011.

5

<u>Honorable Stephen R. Reed and Fred Clark v. The Harrisburg City Council et al.</u>, 606 Pa. 117, 995 A.2d 1137, (Pa. 2010), and only "the Mayor shall enforce the charter and ordinances of the City and all general laws applicable thereto." 53 P.S. § 41412.

In contrast, the City Council is limited to the exercise of legislative powers – i.e., enacting legislation to be carried out by the Mayor and the executive departments of the City. 53 P.S. § 41407. City Council has adopted "Rules of Council" by which it must proceed, (Hess Affidavit, Ex. 5), and through the Harrisburg Code has two (2) procedures by which it may conduct business, Ordinances or Resolutions. The Harrisburg Code defines each. Harrisburg Code §§ 1-302-1, 1-301.3(J). (Hess Affidavit, Ex. 4)

To be binding upon any other person as law or upon the City in terms of acts required, City Council must comply with 53 P.S. §§ 41413(a) and 41608(b) as discussed more fully herein. These statutes require any binding law to be by ordinance approved by a majority of the City Council upon a quorum being obtained and submitted to the Mayor for approval or veto. The Mayor's veto may be overridden, but whether by the Mayor's approval or a veto override, the ordinance cannot become law until twenty (20) days have passed unless City Council has declared an emergency by two-thirds (2/3) vote of the quorum present.

In addition to the duties of the Mayor and City Council, the City's Solicitor plays an active and mandatory role in the legislative process. The City Solicitor has the duties and responsibilities as are set forth in general law per Section 2-302.2 of the Harrisburg Code. (Hess Affidavit, Ex. 4) Prior to consideration of any ordinance or resolution, it is mandatory that the proposed ordinance or resolution "<u>shall be</u>" submitted to the City Solicitor "for approval as to form and legality." Harrisburg Code § 1-201.1(D) (Hess Affidavit, Ex. 4).

---

[3] Also applicable to this form of governance are Article III (53 P.S. §§ 41301-41305) and Article VI (53 P.S. §§ 41601-41625). See 53 P.S. § 41401.

**B.    The Resolution of October 11, 2011 Has No Force of Law**

City Council's Resolution of October 11, 2011 has no force of law.  "A resolution is merely an informal enactment of a temporary nature providing for the disposition of a particular piece of administrative business; IT IS NOT A LAW and there is no difference between a resolution and a motion." (emphasis added)  In re Application For Liquor License of Thomas, 829 A.2d 410, 413-414 (Pa. Commw. 2003), appeal denied 577 Pa. 699, 845 A.2d 819, quoting Wynn v. Township of Lower Merion, 124 A.2d 487, 491 (Pa. Super. 1956), quoting Com. ex rel. Tanner v. Bitner, 294 Pa. 549, 555, 144 A. 733, 735 (1929).  See also, Scudder v. Smith, 331 Pa. 165, 200 A. 601 (1938) (a joint "resolution" approved by both Houses and the Governor is not an enforceable "law").

City Council's own "Rules of Council" reinforce this interpretation:

> "Introduction And Passage of Ordinances And Resolutions
>
> Rule No. 12
>
> A.  Every legislative act of City Council shall be by Ordinance and EVERY ACT OF POLICY SHALL BE BY RESOLUTION, … ."
> (emphasis added)

Resolution 31-2010 of the Harrisburg City Council, Rule No. 12(A), (Hess Affidavit, Ex. 5)

Simply put, under its own Rules, a Resolution passed by the City Council is merely a "policy statement", and such statements have no force of law and merely announce a governing body's or agency's tentative future intentions.  Dept. of Environmental Resources v. Rushton Min. Co., 591 A.2d 1168 (Pa. Commw. 1991), appeal denied, 529 Pa. 626, 600 A.2d 541.

This Court need only look to the definitions of "Ordinance" and "Resolution" under Sections 1-302-1 and 1-301.3(J) of the Harrisburg Code to definitively conclude that a Resolution is insufficient to authorize the filing of a bankruptcy petition on behalf of the City:

7

> "ORDINANCE - Means of law of the City duly enacted by the
> City Council which prescribes general, uniform and permanent
> rules of conduct RELATING TO THE CORPORATE AFFAIRS
> of the City or proscribing certain conduct. [Ord. No. 9-1996]."
> (emphasis added)

Harrisburg Code § 1-302-1 (Hess Affidavit, Ex. 4)

> "J.  A resolution is an expression of opinion of Council.  IT DOES
> NOT HAVE THE FORCE AND EFFECT OF LAW, and violation
> of a resolution does not subject the violator to penalties."

Harrisburg Code § 1-301.3(J) (Hess Affidavit, Ex. 4) (emphasis added).

For a resolution to be binding as law, the subject matter thereof must be approved by the

City Council and submitted to the Mayor for her approval or "veto", and if vetoed by the Mayor,

the veto overridden by a two-thirds (2/3) vote of the City Council.   53 P.S. § 41413(a)

Instructive in this regard, if not persuasively controlling this issue is Article 3, Section 9, of the

Pennsylvania Constitution:

> "Every order, resolution or vote, to which the concurrence of both
> Houses may be necessary, except on the question of adjournment,
> shall be presented to the Governor and before it shall take effect be
> approved by him, or being disapproved, shall be repassed by two-
> thirds of both Houses according to the rules and limitations
> prescribed in case of a bill."

Pa. Const. Art. 3, § 9.[4]  Thus, the City Council's Resolution of October 11, 2011, has no binding

effect on anyone and cannot be enforced.

Moreover, assuming _arguendo_ the City Council's Resolution of October 11, 2011, was

property adopted by the Council and approved by the Mayor, it cannot be enforced because of 53

P.S. § 41608(b) which states:

> "(b) No ordinance other than the local budget ordinance shall take
> effect less than twenty days after its final passage by council and

---

[4] See Com. v. Barnett, 199 Pa. 161, 48 A. 976 (1901), the governor [Mayor] is an integral part of
the law-making power of the State [City]; and no bill can become law without being first
submitted to the governor [Mayor] for his or her approval or disapproval.

approval by the mayor where such approval is required, unless the council shall adopt a resolution declaring an emergency and at least two-thirds of all members of the council vote in favor of such resolution."

53 P.S. § 41608(b).

Twenty (20) days did not pass between the Resolution adopted on October 11, 2011, and the filing of the Petition, AND there was no super majority (i.e., two-thirds) of the City Council declaring an emergency.

Provisions governing the passage of laws are mandatory directives governing the manner of passing legislation and not mere general guidelines. Marcavage v. Rendell, 888 A.2d 940 (Pa. Commw. 2005).

Thus, until the City Council took proper action to pass a valid ordinance authorizing a bankruptcy filing, there was no authority granted to any person to file a bankruptcy petition on behalf of the City, and the present proceedings must be dismissed because "the Corporate Affairs of the City" can only be manifested by an Ordinance. Harrisburg Code § 1-302-1 (Hess Affidavit, Ex. 4).

Though no case law pertaining to municipal corporations has been found, Courts have repeatedly required business corporations to comply with their by-laws to properly authorize the filing of a business corporation's bankruptcy petition.

The Supreme Court of the United States has provided that, in passing on corporate petitions, the court "must of course determine whether they are filed by those who have authority so to act." Price v. Gurney, 324 U.S. 100, 106, 65 S.Ct. 513, 89 L.Ed. 776 (1945). The Court explained that:

[i]f the [] Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition. It is not enough that those who seek to

9

speak for the corporation may have the right to obtain that authority. The jurisdiction which Congress has given the bankruptcy court over the debtor and its property prior to the approval of the petition . . . does not extend to this situation.

Id. The Court continued to explain that, "under the Bankruptcy Act the power of the court to shift the management of a corporation from one group to another, to settle intracorporate disputes, and to adjust intracorporate claims is **strictly limited to those situations where a petition has been approved**." Id. (emphasis added). The Court held that: "nowhere is there any indication that Congress bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of the corporation." Id., at 107. An individual executing the bankruptcy petition on behalf of a corporation "must present credentials to the bankruptcy court showing their authority" to do so. Id. Enlargement of the jurisdiction of the bankruptcy courts to adjudicate intracorporate disputes as to whether the authority to file on behalf of a corporation could be obtained, is a legislative matter that is left for Congress. Id.

On October 11, 2011, a member of City Council, Susan Wilson, signed the Petition as "City Council Member – Budget & Finance Chair" ostensibly on behalf of the City of Harrisburg.

The Mayor of the City did not sign the Petition and opposes the Petition.

Even had City Council properly passed a resolution authorizing the City to file Bankruptcy, the filing of the Petition itself is an executive action that may only be undertaken by the Mayor. 53 P.S. §§ 41411, 41412.

City Council cannot, by resolution, strip the Mayor of the executive power to authorize lawsuits and the authority of the Solicitor, (see Section IV.C. of this Brief, infra), to initiate

Case 1:11-bk-06938-MDF   Doc 87   Filed 10/28/11   Entered 10/28/11 19:43:11   Desc
Main Document      Page 10 of 16

lawsuits by unilaterally appointing outside counsel to file an action on the City's behalf and by appointing a Council Member to undertake executive duties that the City Charter expressly reserves to the Mayor.

It is the Mayor – not City Council – which is the "governmental officer or organization" that is vested with the executive power of "enforc[ing] the charter and ordinances of the city and all general laws applicable thereto," 53 P.S. §§ 41411, 41412.

It is the Mayor, not City Council member Susan Wilson, who is the only authorized officer or agent of the Municipality that could sign the Petition and initiate the bankruptcy filing under Section 109(c)(2) of the Bankruptcy Code.

The actions of City Council violated applicable law and the City Council lacked authority to file the Petition. Because the Petition was thus not filed by the governmental officer or organization empowered by law to do so, it is the Mayor's right and obligation to see that City Council's action is nullified and that the unauthorized filing of the Petition purportedly on behalf of the City of Harrisburg is dismissed.

## C.    The Resolution of October 11, 2011 Was Not Approved By the Acting Solicitor

In addition to the powers vested in the Mayor other duties under the Code are expressly reserved to the City's Solicitor. The Third Class City Code states that "the City Solicitor shall have superintendence, direction and control of the law matters of the city." 53 P.S. § 36602. It further provides that the "city solicitor shall prepare all bonds, obligations, contracts, leases, conveyances, and assurances to which the city or any department thereof may be party, as may be directed by resolution or ordinance, and **shall commence and prosecute all and every suit or suits, action or actions, brought by the city,** for or on account of any of the estates, rights, trusts, privileges, claims or demands of the same, as well as defend all actions or suits against the

11

said city or any officer thereof, wherein or whereby any of the estates, rights, privileges, trusts, ordinances, or acts of the city or any department thereof, may be brought in question before any court." 53 P.S. § 36603 (emphasis added).

City Ordinance 1-201.1(d), states that "all proposed bills or resolutions shall[5] be presented to the City Solicitor for approval as to form and legality prior to introduction."

Moreover, any purported suspension of City Council rules that require legislation to be reviewed and approved by the Law Bureau prior to passage was invalid. City Council's Rules and the rules of parliamentary procedure clearly state that no rule can be suspended if such rule *is the subject of legislative enactment.* See Resolution 31-2010, Rule No. 7 (Hess Affidavit, Ex. 5) The City's ordinances, which have been legislatively enacted, take supremacy over Council Rules, and City Ordinance 1-201.1(d) clearly requires that "all proposed bills or resolutions shall be presented to the City Solicitor for approval as to form and legality prior to introduction." See, City Ordinance 1-201.1(d).

The City Solicitor must review and approve any letter of engagement for outside counsel who is representing any office or elected official of the City and specifically authorize such attorney to act on the City's behalf. That review would include ensuring that the scope of representation was within what was permitted under the City's optional charter law, which clearly delineates powers between the legislative and executive branch. That would also include ensuring that the attorney has done a conflicts screen, and if there are any conflicts that a conflict waiver is included.

---

[5] When used in a statute, the term "shall" is mandatory. In re Kuhar, 391 B.R. 733 (Bankr. E.D.Pa. 2008); In re Canvass of Absentee Ballots, 577 Pa. 231, 843 A.2d 1223 (2004); Oberneder v. Link Computer Corp., 548 Pa. 201, 696 A.2d 148 (1997).

12

City Council did not provide any engagement letter to the City Solicitor to review before City Council signed it later the same night that it approved the engagement by resolution, on October 11, 2011.

The hiring of legal counsel to represent City Council in filing a bankruptcy petition clearly exceeds City Council's authority under the Optional Third Class City Charter Law, which the City has adopted as its charter. The City operates as a Plan A form of government, which has a clearly delineated power structure between the legislative power and the executive power. The Commonwealth Court has held that in a Strong Mayor form of government, "only the Mayor can authorize legal action on behalf of the City and only the City Solicitor can initiate that action." City of Erie v. Dept. of Environmental Protection, 844 A.2d 586, 591 (Pa.Cmwlth. 2004). The filing of a Petition in a Bankruptcy Court is clearly a legal action, requiring authorization by the Mayor.

## V.    CONCLUSION

Pursuant to Section 109(c)(2) and applicable law, this Court must dismiss the improperly filed Voluntary Petition for Relief under Chapter 9 on the grounds that the Petition was not filed by the governmental officer empowered by State law to file the petition and because the actions of City Council violated applicable law, the City Council lacked authority under State law to file a Chapter 9 petition.

13

October 28, 2011                    Respectfully submitted,

                                   TUCKER ARENSBERG, P.C.

                                   By: */s/ Kenneth W. Lee, Esquire*
                                   Kenneth W. Lee, Esquire
                                   Christopher E. Fisher, Esquire
                                   TUCKER ARENSBERG, P.C.
                                   111 North Front Street
                                   P.O. Box 889
                                   Harrisburg, PA 17108-0889
                                   Telephone: (717) 234-4121
                                   Facsimile: (717) 232-6802

                                   Beverly Weiss Manne, Esquire
                                   Michael A. Shiner, Esquire
                                   TUCKER ARENSBERG, P.C.
                                   1500 One PPG Place
                                   Pittsburgh, PA 15222
                                   Telephone: (412) 566-1212
                                   Facsimile: (412) 594-5619

                                   Email: cfisher@tuckerlaw.com
                                          klee@tuckerlaw.com
                                          bmanne@tuckerlaw.com
                                          mshiner@tuckerlaw.com

                                   *Counsel for City of Harrisburg and Honorable*
                                   *Mayor Linda D. Thompson*

14

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

|                        |   |                          |
|------------------------|---|--------------------------|
|                        | : | Bankruptcy No. 11-06938  |
| CITY OF HARRISBURG, PA | : |                          |
|                        | : | Chapter 9                |
| Debtor.                | : |                          |

## CERTIFICATE OF SERVICE

I hereby certify that I served or caused to be served a copy of the foregoing Brief In Support Of The Objection Of The City Of Harrisburg Through Its Mayor To The Chapter 9 Petition Filed By City Council upon the following via the Court's ECF System, which service satisfied the requirements of the Federal Rules of Civil Procedure:

| D. Alexander Barnes, Esq. *Counsel for Ambac Assurance Corporation* | John R. Bielski, Esq. *Counsel for the Fraternal Order of Police, Capital City Lodge No. 2* | Eric L. Brossman, Esq. *Counsel for Assured Guranty Municipal Corp.* |
|---|---|---|
| Martin C. Bryce, Jr., Esq. *Counsel for Manufacturers and Traders Trust Company and TD Bank, National Association* | Carol Connor Cohen, Esq. *Counsel for Ambac Assurance Corporation* | Neal D. Colton, Esq. *Counsel for the Commonwealth of Pennsylvania* |
| Clayton William Davidson, Esq. *Counsel for County of Dauphin* | David L. Dubrow, Esq. *Counsel for Ambac Assurance Corporation* | Daniel G. Egan, Esq. *Counsel for Syncora Guarantee Inc.* |

| | | |
|---|---|---|
| Neil A. Grover, Esq.<br><br>*Counsel for Debt Watch Harrisburg* | Samuel S. Kohn, Esq.<br><br>*Counsel for National Public Finance Guarantee Corporation* | Lawrence A. Larose, Esq.<br><br>*Counsel for National Public Finance Guarantee Corporation* |
| Paige Macdonald-Matthes, Esq.<br><br>*Counsel for Covanta Harrisburg, Inc.* | Margaret M. Manning, Esq.<br><br>*Counsel for The Harrisburg, Authority* | Vincent J. Marriott, III, Esq.<br><br>*Counsel for Manufacturers and Traders Trust Company and TD Bank, National Association* |
| Stephen A. Miller, Esq.<br><br>*Counsel for the Commonwealth of Pennsylvania* | Kathryn Evans Perkins, Esq.<br><br>*Counsel for Syncora Guarantee Inc.* | Jordana L. Renert, Esq.<br><br>*Counsel for Ambac Assurance Corporation* |
| Mark D. Schwartz, Esq.<br><br>*Counsel for the City of Harrisburg (Debtor)* | George b. South, III, Esq.<br><br>*Counsel for Syncora Guarantee Inc.* | Matthew G. Summers, Esq.<br><br>*Counsel for Manufacturers and Traders Trust Company and TD Bank, National Association* |
| Gregory Lee Taddonio, Esq.<br><br>*Counsel for National Public Finance Guarantee Corporation* | Patrick Joseph Troy, Esq.<br><br>*Counsel for Syncora Guarantee Inc.* | Sarah L. Trum, Esq.<br><br>*Counsel for National Public Finance Guarantee Corporation* |
| Jeffrey G. Weil, Esq.<br><br>*Counsel for Commonwealth of Pennsylvania* | Matthew A. White, Esq.<br><br>*Counsel for Manufacturers and Traders Trust Company and TD Bank, National Association* | Alaine S. Williams, Esq.<br><br>*Counsel for American Federation of State, County and Municipal Employees, District Council 90, AFL-CIO* |
| Steven M. Williams, Esq.<br><br>*Counsel for Herre Bros, Inc., and Joseph Stong, Inc., d/b/a Stong Fire Protection* | | |

      /s/ Christopher E. Fisher

Christopher E. Fisher

16