IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| | * CHAPTER 9 |
| | * |
| CITY OF HARRISBURG, PA | * CASE NO. 1:11-bk-06938MDF |
| (By the City Council) | * |
| Debtor | * |
| | * |

## OPINION IN SUPPORT OF ORDER DENYING MOTION
## FOR AN EXTENSION OF TIME TO FILE AN APPEAL[1]

On October 11, 2011, the City Council for the City of Harrisburg ("City Council") filed a bankruptcy petition under Chapter 9 on behalf of the City. The Commonwealth of Pennsylvania (the "Commonwealth"), the County of Dauphin ("Dauphin County") and the City of Harrisburg by the Honorable Mayor Linda D. Thompson (the "Mayor") and other creditors and interested parties objected to the filing.[2] On November 23, 2011, a hearing on the Objections was held. At the conclusion of the hearing, at which counsel for City Council was present, I announced that I would render a decision at the conclusion of the hearing and follow with a written opinion. I stated the questions before me and announced my legal conclusions on the record. After setting forth the reasons for my decision, I sustained the objections of the parties and stated that the petition would be dismissed.

---

[1]The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(1).

[2]Other parties filing objections to the petition or joining in the objections of other entities are: Covanta Harrisburg, Inc., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, American Federation of State, County and Municipal Employees (District Council 90), Fraternal Order of Police (Capital Lodge No. 12), TD Bank, N.A., Manufacturers and Traders Trust Company, Assured Guaranty Municipal Corp., and Syncora Guarantee, Inc.

Later that same day, the Proceeding Memo for the hearing was docketed at number 134, which stated that the objections to the petition had been sustained and that the court would be entering an order dismissing the case. At docket number 137 the Order was entered dismissing the case. The Order, which also was entered on November 23, 2011, explicitly stated that the petition was being dismissed for the reasons set forth on the record and in the opinion to follow. Later that same day, the audio of the hearing, including the Court's findings of fact and conclusions of law, were docketed at numbers 138, 139, and 140, and notice of entry of the Order dismissing the case was served on City Council's attorney, among others. The written opinion, which expounded on the conclusions stated at the hearing, was docketed on December 5, 2011. City Council filed a Notice of Appeal and a Statement of Election to Have Appeal Heard by U.S. District Court on December 10, 2011. The next day, City Council filed a "Contingent Motion Pursuant to USCS Bankruptcy Rule 8002 for Extension of Time to File an Appeal Under 28 U.S.C. Section 158(a) from a Judgment, Order, or Decree of a Bankruptcy Judge by the Governing Body of the City of Harrisburg, Harrisburg City Council" ("Motion").

Although no deadline for objecting to City Council's Motion was set, the Mayor and Dauphin County filed objections to the Motion. Because I have determined that City Council has failed to allege the necessary prerequisites to establish entitlement to relief, the Motion will be denied, and the Notice of Appeal will be stricken.

## I. Discussion

An appeal from an order of a bankruptcy court is subject to the provisions of 28 U.S.C. § 158(c)(2). This paragraph provides that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts, and in the

time provided by rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Section 158 provides a statutory basis for jurisdiction, therefore, the time for taking an appeal is mandatory and jurisdictional. *In re Caterbone*, 640 F.3d 108, 111-12 (3d Cir. 2011). Failure to file a timely notice of appeal is not subject to waiver or forfeiture. *Id.* (citing *Bowles v. Russell*, 551 U.S. 205, 213 (2007)). Failure to file a timely notice of appeal "creates a jurisdictional defect barring appellate review." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997) (citing *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985)).

Rule 8002 provides that a notice of appeal must be filed with the Clerk within fourteen days of the date of the entry of the judgment, order, or decree appealed from. Fed. R. Bankr. P. 8002(a). Except for certain orders not applicable here, a bankruptcy judge may extend the time for filing a notice of appeal if a request to extend the time is made by written motion filed before the time for filing the notice of appeal has expired. Fed. R. Bankr. P. 8002(c). Even after the fourteen-day deadline for filing an appeal has passed, an extension of time to file an appeal may be granted within twenty-one days upon a showing of excusable neglect. *Id.*

The order in this case was entered on November 23, 2011. Accordingly, under the provisions of Rule 8002, the last day for filing a timely appeal was December 7, 2011. Notice of appeal was filed on December 10, three days after the deadline, and the Motion was filed on December 11, four days after the deadline for filing a motion for an extension of time to file an appeal under Rule 8002.

City Council first argues that its notice of appeal was "well within the time frame prescribed by the applicable rules." City Council is mistaken. Rule 8002 states unambiguously that the time for filing an appeal runs from the date of the entry of the order, not from the date of

Case 1:11-bk-06938-MDF    Doc 156    Filed 12/13/11    Entered 12/13/11 14:08:13    Desc
Main Document    Page 3 of 6

the entry of an opinion. Findings of fact and conclusions of law were placed on the record and were available in audio form on the same day the Order was docketed. Even if the Order had been entered without oral findings and conclusions, the absence of an opinion would not delay the finality of the order or toll the time within which an appeal must be taken. *In re Dahnken's of Santa Barbara, Inc.,* 11 B.R. 536, 537 (9th Cir. BAP 1981) (notice of appeal may not be postponed to await court's findings in support of order). Counsel's misunderstanding of the time limits for filing an appeal does establish a basis for relief. Inadvertence, ignorance of the applicable rules, or mistake in construing the rules does not constitute excusable neglect. *Pioneer Inv. Servs Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).[3]

In *Pioneer*, the Supreme Court held that in order to determine whether the actions of a party constitute "excusable neglect," a court must take into account all relevant circumstances. *Id.* at 395. Specifically, the Supreme Court has held that four factors must be considered. *Id.* These factors include: (1) the danger of prejudice to the non-moving party or parties; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether the delay was within the control of the movant; and (4) whether the movant acted in good faith. *Id.* The Third Circuit has instructed that "[a]ll factors must be considered and balanced; no one factor trumps the others." *In re Am. Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005) (citing *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir. 2004)).

---

[3]The Supreme Court in *Pioneer* was considering the excusable neglect provision of Fed. R. Bankr. P. 9006(b)(1).The Third Circuit has applied the *Pioneer* factors in the context of interpreting Fed. R. Bankr. P. 8002(c). *See Shareholders v. Sound Radio*, 109 F.3d at 879.

As to the first *Pioneer* factor, in the within case, a receiver was appointed by the Commonwealth Court to oversee the City's financial operations after the bankruptcy case was dismissed. Therefore, granting leave to appeal at this juncture would prejudice non-moving parties. As to the second factor, the length of the delay, the time at issue is minimal – four days. Therefore, the second factor favors the granting of the extension of time to file the appeal. As addressed above, the third factor, the reason for the delay, does not support an extension of time to file an appeal. The reason for the delay was counsel's misunderstanding as to the deadline to file an appeal.

After the decision in *Pioneer*, the Ninth Circuit examined a situation similar to the case at bar and concluded that an attorney's mistake in interpreting the federal rules was not excusable neglect. *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994). In *Kyle* the attorney had misinterpreted the time computation rules under Fed. R. Civ. P 6(e). The court determined that counsel's "misconstruction of nonambiguous rules" did not constitute excusable neglect. *Id.* at 931; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 251 (2d Cir. 1997) (when the rule is entirely clear, party claiming excusable neglect usually will fail to meet *Pioneer* test); *In re Netversant Solutions, Inc.*, 426 B.R. 503, 509 (Bankr. D. Del. 2010) (excusable neglect not found when counsel failed to respond because he did not have client authority to act before the deadline); *In re Investors & Lender, Ltd.*, 169 B.R. 546, 551 (Bankr. D. N.J. 1994) (failure to file timely appeal not excusable neglect, although movant had not received copy of order, when movant had ample notice as to the court's decision before appeal deadline).

The final *Pioneer* factor is whether the movant acted in good faith. Although I do not find that City Council filed the Motion in bad faith, I cannot explicitly find that the Motion was filed

5

in good faith either. Counsel for the City knew full well the bases for this Court's decision on November 23. He also received the Court's written opinion two days before the expiration of the appeal period and could have requested an extension of time to file an appeal at that time. His failure to act is inexplicable and unjustifiable.

## II. Conclusion

Having considered the factors set forth in *Pioneer*, the Court finds that the reason for the delay in filing the Motion offered by City Council fails to establish excusable neglect. The Motion will be denied and the Notice of Appeal will be stricken.

**By the Court,**

*Mary D France*
Chief Bankruptcy Judge

Date: December 13, 2011