IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CITY OF HARRISBURG, PENNSYLVANIA,** | : | **CIVIL NO. 1:12-CV-0130** |
| Appellant | : | **(BK. No. 1:11-BK-06938MDF)** |
| v. | : | |
| **AFSCME DISTRICT COUNCIL 90,** *et al.*, | : | |
| Appellees | : | |

**CITY OF HARRISBURG,**
*by City Council*,
        Debtor

# M E M O R A N D U M

**I.**      **Background**

On October 11, 2011, the City Council for the City of Harrisburg, Pennsylvania, filed a bankruptcy petition under Chapter 9 of the Bankruptcy Code on behalf of the City of Harrisburg. The Commonwealth of Pennsylvania, the County of Dauphin, the City of Harrisburg by the Honorable Mayor Linda D. Thompson, and other creditors and interested parties objected to the filing.

On November 23, 2011, a hearing in the United States Bankruptcy Court for the Middle District of Pennsylvania on the objections to the filing of the Chapter 9 petition was heard by the Honorable Mary D. France. At the conclusion, Judge France rendered an oral decision and announced her legal conclusions on the record. She sustained the objections of the parties, dismissed the petition, and announced that her oral presentation would be followed by a written opinion.

That same date, a notation of the proceeding was placed on the bankruptcy docket (Bk. Doc. 134), which stated that objections to the petition had been sustained and that the court would be entering an order dismissing the case. Said order dismissing the case cited to the reasons set forth orally in open court on November 23, 2011 (BK. Doc. 137). Subsequently, a written opinion was filed on December 5, 2011 (BK. Doc. 144).

On December 10, 2011, City Council filed a notice of appeal of the order of the bankruptcy court and on December 11, 2011, the City Council filed a motion for extension of time to file an appeal. The County of Dauphin, the Commonwealth of Pennsylvania, and the City of Harrisburg through its Mayor, filed objections to the motion for extension of time to file an appeal and a request to quash the debtor's appeal as untimely. The request for extension of time was denied by the bankruptcy court on December 13, 2011 (Bk. Doc. 156), as amended on December 15, 2011 (Bk. Doc. 158).

## II.     **Appeals From Bankruptcy Court to a District Court**

Appellant appeals pursuant to 28 U.S.C. § 158(a), which gives the district court jurisdiction to hear a bankruptcy appeal. Section 158(c)(2), provides, "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules [USCS Court Rules, Bankruptcy Rules, Rule 8002]."

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a notice of appeal must be filed within fourteen (14) days of the date of the entry

2

of the order appealed from. This deadline is strictly construed and jurisdictional in nature. *In re Universal Minerals, Inc.*, 755 F2d 309, 311 (3d Cir. 1985); *see also In re Allegheny Health, Educ. & Research Found.*, 181 F. App'x 289 (3d Cir. 2006), and *Shareholders v. Sound Radio, Inc.,* 106 F.3d 873, 878 (3d Cir. 1997). The petition for appeal was filed on December 10, 2011. Under the bankruptcy rules, the appeals should have been filed on December 7, 2011. Therefore, this court lacks jurisdiction to hear this case. However, out of an abundance of caution, the court will briefly address Appellant's argument regarding "excusible neglect."

A request for an extension of time to file an appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than twenty-one days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. Rule 8002 (c)(2).

In *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993), the court outlined four factors to be considered in determining whether a party's failure to act was a result of excusable neglect: "the danger of prejudice to the [non-moving party]; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Id.* at 395. *See also In re Diet Drugs*, 92 F. App'x 890 (3d Cir. 2004).

The parties, including the City of Harrisburg, would be prejudiced if the appeal were permitted to go forward. The City of Harrisburg is a distressed city in dire need of an overseer to its financial operations. A receiver has been appointed and failure to proceed with financial controls would further jeopardize the city.

3

The reason for the delay given by counsel for appellant is that he needed the written opinion of Judge France, filed on December 15, 2011, so that counsel for City Council could digest the legal and constitutional issues and discuss the same with his client and decide whether to take an appeal. Counsel for City Council acknowledges that an argument could be made that the applicable period of time for an appeal runs from November 23, 2011. That is the date the case was dismissed by a written and filed order. The reasoning for the order was orally presented and those notes were filed of record. If City Council truly believed that the written opinion was needed, counsel could have filed a timely motion for an extension of time to file an appeal. The excuse for the delay is potentially frivolous.

Appellant City Council has not acted in good faith. As the Commonwealth of Pennsylvania points out in its brief filed with the Bankruptcy Court on December 13, 2011, City Council's attorney and a member of City Council, knew they needed to appeal as of November 23, 2011. (Bk. Doc. 155, pp. 2-3.)

### III. Conclusion

Appellant City Council has failed to timely file for an appeal and has failed to show excusable neglect for not doing so. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: February 1, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CITY OF HARRISBURG, PENNSYLVANIA,**

      **Appellant**

      v.

**AFSCME DISTRICT COUNCIL 90,** *et al.,*

      **Appellees**

_____

**CITY OF HARRISBURG,** *by City Council*,
      **Debtor**

:   **CIVIL NO. 1:12-CV-0130**

:   **(BK. No. 1:11-BK-06938MDF)**

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the appeal filed by Appellant City of Harrisburg, Pennsylvania, *by City Council*, is **DISMISSED** for lack of jurisdiction. The Clerk of Court shall close the file.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: February 1, 2012.